### AMERICAN NAT. INS. CO. v. STEVENS. (No. 7149.)

(Court of Civil Appeals of Texas. San Antonio. May 22, 1924.)

1. **Trial ⚙══352(5)—Submission of special interrogatory including more than one issue held error.**

In beneficiary's action on life insurance policy, it was error to submit question whether insured, on or about named date, made fraudulent representations to insurer's agents for purpose of procuring life insurance contract sued on, more than one specific issue being included therein.

2. **Insurance ⚙══665(3)—Evidence held not to support finding that insured did not make fraudulent representations.**

The evidence showing that insured underwent major operation for cancer about three months previous to application for life insurance, held, that it did not support finding that she did not make fraudulent representation when stating that she had suffered no illness or disease during preceding three years, and that no physical defect existed.

3. **Trial ⚙══350(4)—Failure to submit issue of health at time of delivery of policy held reversible error.**

Where policy was never in force if insured was not in sound health at time policy was delivered, and knew it, and insurer did not, or did not thereafter acquire such knowledge in time,

with reasonable diligence, to cancel policy before her death, failure to submit such issue in beneficiary's action was reversible error.

**4. Insurance ⬅378(1) — Notice of insured's previous ill health may be imparted through insurer's agents.**

Notice of insured's previous ill health as affecting right of insurer to set up misrepresentations in application as to health may be imparted to insurer through its agents.

**5. Insurance ⬅389(9)—Insurer knowing falsity of representations or condition at delivery of policy waives right to contest on such ground.**

If insurer knew of falsity of insured's representations as to physical condition or previous state of health, or of her true condition when policy was delivered, it waived right to contest on such ground.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Suit by Ethel Rawls Stevens against the American National Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Thompson, Barwise & Wharton and Arthur Collins, all of Fort Worth, for appellant.

John M. Walton and Boykin & Ray, all of Fort Worth, for appellee.

SMITH, J. This suit was instituted by Mrs. Stevens against the insurance company to recover upon a life insurance policy, issued by said company, upon the life of Mrs. Ella I. Rawls, mother of Mrs. Stevens, the designated beneficiary. The cause was tried by jury upon special issues, upon the answers to which judgment was rendered in favor of Mrs. Stevens for $250, the amount specified in the insurance policy, and $50 as attorney's fees. The insurance company has appealed, and presents its case here in a printed brief of 133 pages, embracing eight propositions, which are predicated upon 21 assignments of error. It would be a bootless task to follow in detail this voluminous presentation of a small case of few substantial questions, and we shall not undertake to do so.

It is conceded that Mrs. Rawls, the insured, was suffering with cancer of the abdomen early in 1921, was operated on for that malady on February 1st of that year, and again on November 11, after which she was confined to her bed until the following January, when she died of said malady. She represented in her application for insurance, on May 6, three months after the first operation, that she had suffered from no "illnesses" or "diseases" during the preceding three years, and that no physical "defect" existed in her at the time. The physician who performed the operation on her in February testified with reference to the character of the operation that—

"We made a ten-inch lower midline incision, finding about one pint of fluid in the abdomen. The left ovary was of fetal head the size of a new-born baby, which ruptured on delivery. That means this: That fluid was almost sure to carry the transplantation from this tumor; we consider that when one of these tumors rupture that it is a very serious accident. The right ovary had papillary cyst about double the normal size; a number of papillary implantations in the pelvic cavity, implanted in front over the womb and covering the bladder. The omentum, or veil, was covered with papillary cyst; that part of the peritoneum that hangs down over the intestines had numbers of large papillary cyst in it, which was removed. The one large implantation that could be found there was excised and the wound was closed."

There was no contradiction of this testimony.

[1] The court submitted the issues thus raised in the form of one question:

"On or about the 6th day of May, 1921, did deceased, Mrs. Ella I. Rawls, make fraudulent representations to the defendant agents for the purpose of procuring the life insurance contract in question?"

The jury answered in the negative. Appellant in due season objected to the form of the question submitted, upon the ground that more than one specific issue was included therein, and in addition requested that the matter be submitted in a particular form not now necessary to set out. We think appellant's objections to the form in which this phase of the case was submitted are well taken; that the several issues involved should have been submitted separately and in distinct questions; that the form of the questions requested by appellant was substantially correct, and should have been given in the same or similar form. The question in the form submitted authorized the jury to determine all the issues of fact according to their finding upon any particular one of such issues, which is in contravention of both the letter and spirit of the statute providing for special verdicts. The jury's answer was in effect but a conclusion of law that under the evidence, which raised several distinct issues of fact, the insured did not practice a fraud upon the insurer, whereas, the finding of the jury should have been restricted to the determination of those several issues of fact, leaving to the court the application of the law thereto.

[2] We are of the opinion also that there was no evidence to support the jury's finding upon the issues, even as submitted. So far as the record shows, Mrs. Rawls was acting under no sort of duress, deceit or suggestion when she made and signed the application for the policy. She acted deliberately, and there is no contention that any fraud was practiced upon her, or that she was mentally incapable of thoroughly un-

---

derstanding the full effect of her answers. It is presumed that she read and fully understood the question, as well as her answer. It is idle to contend, or for the jury to find, that she did not know she had had a serious illness within three years, when it had not been three months since she underwent the operation described by her physician, and which was performed through a "ten-inch lower midline incision" into her abdomen, So, it must be conceded—appellee makes no answer to any of appellant's contentions about this matter—that Mrs. Rawls deliberately warranted to the company that she had not suffered with any sickness or disease within the preceding three years, and had no "physical defect" at the time; and it must be further conceded that she was at the time aware of the falsity of her answers. That much being conceded, there can be no other conclusion than that she made the false answers for the purpose of inducing the insurance company to issue the policy.

[3] There was another vital issue in the case, and that is: Was Mrs. Rawls "in sound health" at the time the policy was delivered to her? If she was not, and knew it, and the company had no knowledge of it, or did not thereafter acquire such knowledge in time, with reasonable diligence, to cancel the policy before the insured's death, then by the terms thereof the contract was never in force. The court did not, upon its own motion, submit this issue to the jury, and refused to do so upon appellant's request. For this error the judgment must be reversed.

[4, 5] The question of notice to appellant of Mrs. Rawls' prior illness is in the case, but it does not go so far as to affect the question of her condition at the time the policy was delivered. With reference to the prior illness there was testimony to the effect that Mrs. Rawls made the application through an agent who was a casual acquaintance of the family; that he knew Mrs. Rawls was in the hospital, and may have known of the operation. Upon several occasions, when meeting the daughter he asked casually of her mother's condition, but it is not shown that these inquiries disclosed to the young man the true nature of Mrs. Rawls' illness. The daughter herself may not have known it. Considering the peculiar nature of the malady, we can hardly conceive that she would have discussed it frankly or in detail with a young man in response to what appears to have been but polite inquiries prompted only by casual friendliness. Of course notice may be imparted through an agent in this way, and the evidence upon another trial may warrant an affirmative finding thereon, but care should be taken to avoid giving a sinister or a binding legal import to casual friendly intercourse between acquaintances meeting upon the streets and exchanging kindly greetings. If, as contended, the company knew of the falsity of the insured's representations, or of her true condition, when it delivered the policy, then, according to well-settled rules, it waived its rights to contest the policy on those grounds, and is bound by its contract. We make these suggestions so that upon another trial the parties may direct their examination of witnesses in consonance herewith and elicit the facts fully.

Appellee cites and relies upon a recent case decided by this court in an opinion written by Judge Cobbs, Surety Co. v. Butler, 247 S. W. 611. But the cases are not alike, for in the Butler Case the agent was not only fully aware of the prior and present health of the insured, but assisted and directed her in making the false answers in her application. Neither of these facts is present in this case.

For the error in refusing to submit the question of the soundness of Mrs. Rawls' health at the time the policy was delivered to her, and of notice thereof to the insured, the judgment will be reversed, and the cause remanded.