## TEXAS PRUDENTIAL INS. CO. v. AUTHE-MENT.

### No. 9143.

Court of Civil Appeals of Texas. San Antonio.

Oct. 11, 1933.

Rehearing Granted Nov. 1, 1933.

Templeton, Brooks, Napier & Brown, of San Antonio, for plaintiff in error.

J. Bernays Lowrey and E. B. Simmons, both of San Antonio, for defendant in error.

MURRAY, Justice.

Plaintiff in error, Texas Prudential Insurance Company, brought this suit against the defendant in error, Theresa Authement, for the cancellation of a contract of insurance issued on the life of Louis Joseph Authement, under date of March 17, 1930, alleging material misrepresentations made to it in the application for the issuance of the policy, in stating in the application that neither of his parents nor any brother or sister had ever suffered from consumption, and that the applicant was then in good health, whereas, in fact, the applicant was then suffering from consumption; that consumption was a family disease, and his father had been afflicted with that disease and had died as a result of it; that the death of the applicant, who

was the assured under the policy of insurance, was caused by consumption. The plaintiff in error further alleges that those representations were false and material to the risk of insurance assumed by it in issuing the policy, and that as soon as it learned of the falsity of those representations, it notified the defendant in error that it would not be bound by the policy, which was canceled by reason of the false representations made in the application, and tendered a return of all premiums received by it under the policy.

The defendant in error answered by way of general demurrer and general denial and special exceptions, and by way of cross-action asked for a recovery on the policy contract as of November 1, 1931, the date of the death of the assured.

■■ The case was tried before a jury on special issues, in response to which it was found that the father of the assured never had consumption; that a reasonable attorney's fee for the defendant's attorneys was $150. Upon the verdict of the jury, judgment was entered in favor of the defendant in error against plaintiff in error for the amount of the policy with penalty, interest, and the attorney's fees.

Plaintiff in error, Texas Prudential Insurance Company, sued out a writ of error from the judgment of the trial court, and the case is brought before this court on writ of error.

The defendant in error has not favored us with a brief in this case, and the insurance company's assignments of error are before us unanswered by defendant in error.

We have carefully read the statement of facts and find that the findings of the jury are not supported by the evidence. Mrs. Theresa Authement, the beneficiary of the policy of insurance, and the mother of the assured, admitted in her testimony that her son's death was caused by tuberculosis. She also admitted that her husband, Louis Authement, and father of the assured, died from tuberculosis as a result of the flu. The proof of death signed by Mrs. Theresa Authement stated that the father's, Louis Authement's, death was caused by tuberculosis, and that the death of the assured was caused by tubercular peritonitis—diarrhea. There was no evidence to the contrary.

In the application for the insurance the assured answered "No" to the following question: "Has either parent, * * * ever had * * * consumption * * * ?"

It is clear that the assured's father did die from consumption and that the finding of the jury was contrary to the evidence. It is also clear, in view of the fact that the assured himself died with tubercular peritonitis, that the false statement in the application to the effect that his father did not have

consumption was a material misrepresentation by the assured.

The judgment of the trial court is reversed and the cause remanded.

#### On Motion for Rehearing.

Plaintiff in error has filed a motion insisting that it is the duty of this court to here render judgment in its favor.

Under the provisions of art. 1856, Civ. Statutes, 1925, it is unquestionably our duty to here render judgment for plaintiff in error, unless it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain.

An examination of the record discloses that none of the above contingencies exist in this cause. It follows that this motion for a rehearing should be granted and that the former judgment entered herein remanding this cause be set aside and judgment here rendered that defendant in error take nothing by reason of this suit.