## COLORADO LIFE CO. v. NEWELL et al.
### No. 3107.

Court of Civil Appeals of Texas. El Paso.
Jan. 17, 1935.

Rehearing Denied Feb. 14, 1935.

R. H. Walker, of Denver, Colo., and E. B. Comer and S. C. Rowe, both of Fort Worth, for appellant.

Burgess, Chrestman & Brundige, Pat Howe, and L. E. Elliott, all of Dallas, for appellees.

PELPHREY, Chief Justice.

On March 14, 1931, appellant issued a policy on the life of Zuma Estella Newell in the sum of $1,000, with Wesley B. Newell, as beneficiary. The policy was issued without any medical examination being made of the insured.

On April 18, 1932, Mrs. Newell made an application to appellant for reinstatement of the policy, the application in part reading:

"I hereby apply for reinstatement of my policy known as No. 23,410, in your Company, dated on or about the 14th day of March, 1931, which said policy I understand, is now lapsed.

"As a condition precedent to the reinstatement of said policy, I do hereby certify that the following answers and statements are full, complete and true and that I understand that each of them is material to the risk which you assume should said policy be reinstated."

"Question 1: Have you had since said policy was issued and delivered, any disease, ailment, injury or complaint of any kind? Answer 'Yes' or 'No.' Answer: 'No.'"

"Question 3. Are you now in every respect free from disease, injury and/or complaint? Answer 'Yes' or 'No.' Answer: 'Yes.'"

On the afternoon of April 18, 1932, Mrs. Newell went to the office of Dr. Cowart for a physical examination. The examination revealed that she was suffering from a retroal or backward displacement of the uterus. She was operated on the following day and the postoperative diagnosis showed a chronic adherent bilateral salpengitis with retroal displacement of the uterus or, in common language, a long continued clinging together of the tubes leading from the womb to the ovaries, a dislocation of such tubes and a backward displacement of the uterus. Mrs. Newell died on the 13th day of May, 1932, and her husband filed this suit on July 13th, thereafter. On January 2, 1934, following, the Weever Funeral Home, Schaeffer-Weever, Inc., intervened alleging an assignment to it of the policy in payment of its charges for services in connection with Mrs. Newell's funeral. It further alleged that when the assignment of the policy was offered to it, it communicated with Floyd L. Towler, general agent for appellant, in the Dallas district, and asked him to advise it as to whether or not the policy was in force and effect and whether it would be paid; that said Fowler, thereupon, advised it that the policy was in force and effect and would be paid upon proof of loss and surrender of policy; that intervener, relying upon such advice, performed the funeral service, including casket and other necessaries at an agreed price of $650, for which sum assignment of the policy was taken.

Appellant defended the suit on the theory that Mrs. Newell made false statements as to her physical condition in her application for reinstatement; that she knew such statements to be false; that if she did not know at the time of making the application that she was suffering from a disease, injury, ailment, or complaint, she ascertained such fact before the acceptance of her application, and it thereupon became her duty to inform appellant of said condition, and that the withholding of such information constituted fraud upon appellant.

In response to issues the jury found that Mrs. Newell at the time of making the application was suffering with an ailment, injury, or complaint; that she was not aware of such fact; that after being advised by the doctor of her condition, she did not conceal such facts from appellant for the fraudulent purpose of securing a reinstatement of the policy; and that a reasonable attorney's fee in the suit was $250.

A verdict was instructed against the Weever Funeral Home, and upon the above findings a judgment in favor of Wesley B. Newell for $1,000, the face of the policy, $120 penalty, and $250 attorney's fees, was rendered.

This appeal is from the latter judgment.

### Opinion.

While this case was pending in the Court of Civil Appeals for the Fifth district a motion to affirm on the transcript was filed by appellees.

▪ The basis for such motion was that appellant having filed no motion for new trial in the lower court, no errors save fundamental errors could be presented for review.

That honorable court overruled the motion on the ground that the questions involved could properly be considered only upon a hearing on the merits.

The rule as contended for by appellees in that motion is not now the correct one. 3 Tex. Jur. § 570, p. 807; Phillips Petroleum. Co. v. Booles (Tex. Com. App.) 276 S. W. 667, affirming (Tex. Civ. App.) 261 S. W. 439; George v. Wright (Tex. Civ. App.) 286 S. W. 656 (writ dismissed).

▪ Appellant's fourth assignment of error questions the sufficiency of the evidence to support the verdict of the jury. Contrary to the rule announced by the above authorities, this assignment raises a question which must be presented in a motion for a new trial before it can be properly raised on appeal. Foster v. Smith, 1 Tex. 70; Craver v. Greer, 107 Tex. 356, 179 S. W. 862.

▪ In assignments of error 1 and 2 appellant complains of the trial court's refusal to instruct a verdict in its favor and to render judgment for it non obstante veredicto.

Under these assignments the position is taken that insured having signed an application for a reinstatement of the policy, in which the statement was made that she had not since the policy was issued and delivered, and did not then, have any disease, ailment, injury, or complaint of any kind, and it appearing that such statement was not true, appellant would not be liable even though the insured did not know at the time of making the statement that she had any disease, ailment, injury, or complaint; and that insured, having been informed subsequent to the making of such statement of her condition, was guilty of fraud upon appellant in not passing such information on to it, and therefore was not entitled to recover.

In National Life & Accident Ins. Co. v. Kinney (Tex. Civ. App.) 282 S. W. 633, 634, it is said: "The rule may indeed be regarded as well established that to avoid a policy on the ground of misrepresentation it must be made willfully and with intent to deceive, must have been material, and relied on by the insured."

See, also, Gorman v. Jefferson Standard Life Ins. Co. (Tex. Civ. App.) 275 S. W. 248; American Central Life Ins. Co. v. Alexander (Tex. Com. App.) 56 S.W.(2d) 864.

In the case at bar, there being no allegation that the representations were made with the intent to deceive, and the jury having found upon sufficient evidence that they were not so made, the first contention must be overruled.

▪ It is equally true as to the failure to inform appellant of her condition after becoming apprised thereof. Unless she concealed such fact with the intention of defrauding appellant into accepting her application, and there is neither pleading or proof that she did, then such concealment would not avoid the policy.

▪ There was no error in the submission of special issue No. 4, inquiring whether the insured concealed her condition from appellant, after being advised thereof by her physician, with the fraudulent purpose of securing a reinstatement of the policy.

▪ As to the sufficiency of the pleading to bring the case within the provisions of article 4736, R. S. 1925, relating to attorney's fees and penalties, we think the allegations sufficient. The petition contained the averment that the proof of death was furnished to appellant on the 16th or 17th of May, 1932; that such proof of death was a demand for the amount of the policy; that on June 8, 1932, appellant denied liability; and that appellant failed and refused to pay the amount of the policy within 30 days after the receipt of the proof of death.

It was admitted by appellant that proof of death was duly made in proper form, and that appellant denied liability.

The judgment should be affirmed, and it is so ordered.