### IMPERIAL LIFE INS. CO. v. CARTWRIGHT.

#### No. 8605.

Court of Civil Appeals of Texas. Austin.

July 13, 1938.

Rehearing Denied Sept. 21, 1938.

Oren Parmeter, of Dallas, for plaintiff in error.

Saulsbury & Skelton, of Temple, for defendant in error.

BLAIR, Justice.

The parties will be referred to as appellant and appellee.

The judgment of this court, dated March 16, 1938, affirming the judgment of the trial court in the instant case is set aside, and the judgment of the trial court is reformed and affirmed in accordance with the following opinion:

Appellee sued appellant upon its life insurance policy covering the life of L. P. Cartwright, the father of appellee, for the sum of $250. A trial to the court without a jury resulted in judgment for appellee against appellant for $250, the face value of the policy.

Two questions are presented, as follows:

1. The validity of a provision of the policy sued upon limiting the liability of appellant to 10% of the face value of the policy, if a claim thereunder should arise within ninety days from the date of the policy.

2. The sufficiency of the pleadings and the evidence to show fraud, concealment, or misrepresentation with regard to the health of the insured at the time the application for his insurance was made.

Appellant is a state wide mutual insurance company operating under Art. 4859f, Vernon's Annotated Civil Statutes, without capital stock, and authorized by Sec. 9 of said Article to levy assessments upon its members to pay "benefits," and requiring that the certificate of insurance issued so provide, and that it shall state the maximum to be paid. The certificate of insurance issued to deceased provided for the payment of a maximum of $250; and provided that such payment would·be made by assessments of the members after notice of death. The policy contained a general provision that in the event liability should arise within ninety days after the date of the policy, only 10% of the face value thereof. would be paid. The policy having issued August 12, 1935, and the in-sured having died August 24, 1935, this provision of the policy would limit the amount of recovery to $25.

In the recent cases of Bankers' Life & Loan Association v. Bond, Tex.Civ. App., 113 S.W.2d 1001, and Bankers' Life & Loan Association v. Chase, Tex.Civ. App., 114 S.W.2d 374, similar limitations of liability if insured should die within 90 days from date of the policies were construed and the court held that such limitations of liability were valid, because the statute under which appellant and similar associations operate does not prohibit such limitations of liability, and specifically provides that such mutual assessment associations or companies are not subject to other insurance statutes which prohibit certain life insurance companies from limiting their liability for less than the face value of their policies.

The pleadings merely allege that the insured represented in the application that he was in good health at the time the application was made. There was no allegation that deceased wilfully misrepresented any particular fact concerning his health. In the case of American Central Life Ins. Co. v. Alexander, Tex.Com.App., 56 S.W.2d 864, Mr. Justice Sharp, speaking for the Commission, held in substance that misrepresentation or breach of warranty by the insured to avoid a policy must be wilful, or made fraudulently with intent to deceive. No such allegation was made in the pleadings. The proof on the issue showed that the application for the insurance was taken by an agent of appellant upon its application blank; that the application was signed, "L. P. Cartwright, By Firm T. Cartwright"; that none of the blanks with regard to inquiry as to specific diseases was filled in. It showed on its face that the applicant was 79 years of age. The agent who took the application knew the condition of the insured; knew him to be old and feeble physically. The physician who attended the deceased on several occasions two or three years next preceding the application testified that deceased was physically what was known as senile; that is he had muscular deficiencies and was unable to do physical labor, but that he ate and slept well, and that outside of physical senility he was in good health; that the last time he saw the insured was in July preceding the application for the insurance in August, and at that time he appeared to be in good health, except his

general senile condition which affected him physically. He further testified that in his judgment the insured died of cerebral hemorrhage, with which he was stricken only a few hours preceding his death. The trial court necessarily held that under such facts and circumstances no fraud or misrepresentation was wilfully made, and for that reason rendered judgment for appellee. We regard the evidence as being sufficient to support this finding.

The judgment of the trial court in favor of appellee for $250, the face value of the policy, is set aside, and said judgment is reformed so as to allow appellee a recovery of $25 against appellant, with 6% interest thereon, and as so reformed the judgment of the trial court is affirmed.

Reformed and affirmed.