## IMPERIAL LIFE INS. CO. v. THORNTON.
### No. 5056.

Court of Civil Appeals of Texas. Amarillo.
Nov. 13, 1939.

Rehearing Denied Feb. 5, 1940.

John G. Whitaker, of Dallas, for plaintiff in error.

McWhorter, Howard & Cobb, of Lubbock, for defendant in error.

JACKSON, Chief Justice.

The appellee, Arthur E. Thornton, instituted this suit in the County Court of Lubbock County against the appellant, Imperial Life Insurance Company, to recover on an insurance policy issued by appellant to Columbus E. Thornton in which the appellant agreed to pay appellee $500 or a percentage thereof in conformity with the terms and conditions of the policy at the death of the insured.

The appellee alleged the policy was in full force and effect and that the terms and conditions thereof had been complied with by the assured.

The appellant answered by general demurrer, special exceptions, general denial and alleged that under the terms and conditions of the policy appellee was not at the time of the death of insured entitled to recover an amount exceeding the sum of $50, or 10% of the maximum stated in the policy; that it was represented in the application that the insured was in good health mentally and physically, when in truth and in fact he was suffering from

heart trouble, arterio-sclerosis; that such representation was material to the risk and Arthur E. Thornton, who made the representation and secured the issuance of the policy, perpetrated a fraud upon the appellant in obtaining the insurance contract. Appellant asserted it is a state-wide mutual assessment corporation organized and existing under article 4859f of the Vernon's Annotated Civil Statutes of Texas.

The appellee, by a supplemental petition, pleaded a general denial; that the insurance policy was without limitations, was issued as a straight life insurance policy and governed by the general law of life insurance in Texas.

In response to special issues submitted by the court the jury found, in substance, that Columbus E. Thornton was in good health mentally and physically at the time the policy was delivered to Arthur E. Thornton; that the policy was never delivered to the insured but Arthur E. Thornton, the beneficiary, had the permission of Columbus E. Thornton to take out the insurance, and that in December, 1936, the insured was 80 years of age.

On these findings the court rendered judgment for appellee for the sum of $520 principal and interest, with 6% interest thereon from the date of the judgment, and the insurance company prosecuted this appeal.

The appellant contends that it was a mutual insurance company operating under article 4859f of Vernon's Annotated Civil Statutes and was authorized to limit the recovery to a percentage of the maximum liability of the policy in the event the death of the insured was the result of stipulated ailments and occurred within certain named periods from the date the policy was issued.

The appellant introduced, and no complaint is made to the admission thereof, its charter which shows the name of the company as originally organized to have been the "Home Protective Association of Texas * * * a benevolent association for the purpose of doing a mutual beneficiary life insurance business." It offered its amended constitution and by-laws together with an amendment to its charter disclosing that the original name had been changed and the company was now operating under the name of the "Imperial Life Insurance Company". In evidence also is the certificate of the Board of Insurance Commissioners which states that the "Im-

perial Life Insurance Company has * * complied with all requirements of law * * * and is hereby authorized to pursue the business of life insurance within this State for the year ending February 28, 1937 in accordance with the provisions of Chapter 245, Acts of the Forty-third Legislature," which Acts of the Legislature include article 4859f. This testimony, in our opinion, differentiates this case from Bankers' Life & Loan Ass'n v. Jayroe, Tex.Civ.App., 127 S.W.2d 291, and discloses without controversy that the appellant was a mutual life insurance company and not prohibited by law from writing reasonable limitations on its liability in the policies issued. Imperial Life Ins. Co. v. Cartwright, Tex.Civ.App., 119 S.W.2d 683; Bankers' Life & Loan Ass'n v. Bond, Tex.Civ.App., 113 S.W.2d 1001; Bankers' Life & Loan Ass'n v. Chase, Tex.Civ.App., 113 S.W.2d 947.

The appellant contends that the court committed reversible error in excluding, on the objection of appellee, certain limitation clauses in the policy copied below, which restricted the amount of the recovery thereunder to a percentage of the maximum policy liability if death occurred from certain ailments within specified periods.

"Limitations

"Should the Insured carry more insurance than the Maximum policy liability this Company is qualified by law to accept at the time of His or Her death, in such event the Company will not be liable for more than such Maximum policy liability. Should death occur during the first four months from date of issue or any reinstatement the Company shall be liable only, except for purely accidental death, for the return of premiums actually collected plus ten per cent interest and shall be liable for a like amount should death result from pregnancy, any form of heart or kidney trouble, tuberculosis, paralysis, pellagra, arterio-sclerosis, anemia, senility, cancer, insanity, any form of chronic or venereal disease within twenty-four months from date of issue or any reinstatement; should death occur from any cause other than as above stated after the fourth month on risks other than white from ages 1 to 85 and on white risks past 55 years of age after date of policy or last reinstatement thereof the Company will be liable only for ten per cent of the Maximum value of this policy

and the liability will automatically increase ten per cent each four months thereafter until the Maximum value is reached thereby."

■ In our original opinion we held in effect that the court erroneously permitted the appellee to introduce in evidence portions of the policy and withhold the limitation clauses but held this action to be harmless since the appellant was permitted to introduce the entire policy which included the limitation clauses that appellee had withheld. In this last statement a re-examination of the record convinces us that we were in error. The bills of exception and the action of the court are in the statement of facts and disclose the following:

"Mr. Howard: We offer the policy in evidence (save and except that portion on the third page enclosed in parenthesis).

"Mr. Parmeter: To which, of course, the Defendant objects. If he is going to introduce the policy he must introduce all the instrument. He can't take out certain portions no more than he can take out the same.

"The Court: The Court will overrule the objection.

"Mr. Parmeter: Save our exception. Does the Court admit part of that policy with certain portions taken out?

"The Court: Certain sections.

"Mr. Parmeter: What portions?

"The Court: Limitations. It is in brackets, isn't it?

* * * * *

"Mr. Parmeter: Note our exception to the court's ruling. (Mr. Howard reads part of policy).

* * * * *

"Mr. Parmeter: At this time, Defendant introduces the entire policy in evidence, if your Honor please.

"Mr. Howard: If your Honor please, we object to the introduction of the policy, the printed matter that is enclosed in brackets for the reason that the matters therein stated are prohibited by law from being inserted in a policy of this character and having been placed in there are in violation of the law.

"Mr. Parmeter: We would like to have this argument in the absence of the jury.

"Mr. Howard: This is not argument. It is an objection I am making. The thing to do and the thing the courts do too is to delete that portion of the policy that is in violation of the law because it cannot have any force and effect. For that reason we object to that portion being in there.

* * * * *

"The Court is going to permit the introduction of the policy with part deleted. (Indicating 'Limitations' portion of policy).

"Mr. Parmeter: To which ruling of the Court the defendant excepts."

This ruling excluded the limitations in the clause above quoted which is enclosed in brackets or parenthesis on page three of the policy. In our opinion the refusal of the court to permit the appellant to introduce the entire policy, including the limitations therein stipulated, constitutes reversible error. 17 Tex.Jur. 374, para. 129.

■ The clauses creating limitations are not, in our opinion, ambiguous.

If upon another trial the testimony shows appellant to be a state-wide mutual company or if a jury should so find as a fact issue the court would commit error in holding invalid and void the limitation stipulations in the policy and rendering judgment against it for the maximum liability shown in the policy independent of such limitations since they are valid and show the amount of appellant's liability under the facts is subject to reductions according to the limitations on liability.

■ The opinions of the courts reveal some conflict and considerable confusion as to the liability of an insurance company on a policy containing limitations on liability not inhibited by law. Judge Martin, formerly of this court, after reviewing some of the decisions pertaining to limitation clauses, in Georgia Home Ins. Co. v. Trice et al., Tex.Civ.App., 70 S.W.2d 356, 357, says: "The last rule is, we think, sufficiently stated by Judge Alexander in the case of American Insurance Co. v. Maddox (Tex.Civ.App.) 60 S.W. (2d) 1074, 1077, from which we quote: 'However, the rule as recognized by our Supreme Court and enforced in this state is that where the general liability of the insurer is thus limited by the terms of the policy, the burden is on the insured to both allege and prove that the loss sustained by him comes with-

in the general liability thus assumed by the insurer, and in addition that it does not come within any of the excepted causes." Citing many authorities.

This rule was followed in Travelers' Ins. Co. v. Barker, Tex.Civ.App., 96 S.W. 2d 559, in an opinion by the lamented Chief Justice Hall. See, also, Metropolitan Life Ins. Co. v. Wilson, Tex.Civ.App., 102 S.W.2d 454; Imperial Life Ins. Co. v. Cartwright, supra; Aetna Casualty & Surety Co. v. Tobolowsky, Tex.Civ.App., 120 S.W.2d 460; Colorado Life Co. v. Shofner, Tex.Civ.App., 125 S.W.2d 638.

The record discloses that the policy was issued December 3, 1936; that the insured died May 1, 1937; hence, the policy had been issued more than four months but less than twenty-four months when the insured died. Under these undisputed facts and the above authorities the burden was upon appellee to prove that the insured did not die from heart trouble as pleaded by appellant and contained in the exceptions to liability. The record discloses that appellant tendered to appellee the premiums paid with interest thereon and refused to pay the maximum value of the policy, contending that the insured died from heart failure.

The appellee, not the appellant, had the burden of proving by conclusive testimony or, if the testimony was controverted, having a jury finding that the insured did not die from any of the excepted causes enumerated in the policy during the time that the exceptions were effective. Neither was it the appellant's duty to object to the failure of the court to submit such issue.

In Miller v. Fenner, Beane & Ungerleider et al., Tex.Civ.App., 89 S.W.2d 506, 513, it is said:

"A party not charged with the burden of establishing an issue in the trial of a case is, in the absence of its submission, under no duty to request its submission and waives no right because of a failure to do so.

\*     \*     \*     \*     \*

"It would appear to be wholly unreasonable to hold that a party not having the burden of establishing an issue (such burden being upon the other party) and therefore not being under any duty to request submission of the issue, should nevertheless be required to object to the failure or refusal of the court to submit it."

The original opinion is withdrawn, the motion overruled, and the judgment is reversed and the cause remanded.