## BANKERS STANDARD LIFE INS. CO. v. ATWOOD et al.

### No. 9651.

Court of Civil Appeals of Texas. Austin.

Oct. 1, 1947.

Jess D. Carter and Henry H. Brooks, both of Austin, for appellant.

Wm. Kay Miller and Louis Scott Wilkerson, both of Austin, for appellees.

McCLENDON, Chief Justice.

Mrs. Atwood, joined pro forma by her husband, sued the Company (Bankers Standard Life Insurance Company) upon a policy of insurance in which she was beneficiary, written by the Company on March 20, 1943, upon the life of her then husband, Fred P. Martin, who died November 3, 1943, of "Malignancy of the Stomach." The judgment upon a special issue verdict was in favor of Mrs. Atwood and the Company has appealed.

The pertinent defense relied upon by the company was predicated upon a false statement in the application of Mr. Martin, in the following question and answer: "Do you have or have you ever had * * * any of the following diseases or ailments: * * * Asthma *No* * * *." The contentions of Company (under appropriate pleadings) were: (1) the applicant warranted the truth of the statement and its falsity (shown conclusively) rendered the policy void as a matter of law; (2) the statement was fraudulently made, was material to the risk and relied upon by the Company, and therefore the policy was void.

Upon the first contention: The Company was a "Mutual Assessment Life Insurance Company," organized under Chap. 8A, Title 78, Vernon's Ann.Civ.St. Art. 4859f, Secs. 1–20, Acts 1933, 43rd Leg., p. 856, Chap. 245, as to which the general insurance laws do not apply; and it is asserted upon authority of Casstevens v. Texas etc. Ins. Co., 137 Tex. 615, 155 S.W. 2d 916, 918, that Art. 4859f, Secs. 1–20, contains no provision "that a misrepresentation, in order to avoid a policy, must be material to the risk." This statement in that opinion was evidently inadvertently made, as Sec. 11 of the Act contains this language in reference to applications for policies written by such companies: "* * * no representation therein shall constitute a defense unless same shall be shown to be material to the risk." We have examined the application for writ of error, from which it appears that a holding of the Court of Civil Appeals in substantial language as that of the Supreme Court, above, was not challenged, which readily accounts for the above quotation from Sec. 11 being overlooked. This particular holding, however, was not essential to the decision. Regardless thereof the court held that the warranty provisions in the application (the same as those here)

were modified by certain provisions of the by-laws of the insurer, the court saying: "It does not follow, however, that since the insurance statutes concerning warranties and misrepresentations do not apply to mutual aid companies, such companies are inhibited, in the absence of statutory regulation upon the subject, from voluntarily incorporating in their insurance contracts qualifying provisions which have the effect of converting such warranties into representations merely."

Paragraph XII of the policy here contains the following: "All statements contained in the application for this policy shall, in the absence of fraud, be deemed representations and not warranties.

■ Independently therefore of the above provision of Sec. 11 of Art. 4859f, the burden rested upon the company to show (and, where not shown by conclusive evidence, to obtain a jury finding) each of the following factual elements: (1) reliance upon the truth of the statement by the insurer; (2) intent of insured to deceive insurer in making the same; and (3) "the materiality thereof, that is, was it material to the risk or the fact represented contributed to the loss in maturing the policy." General etc. Ins. Co. v. Martinez, Tex.Civ.App., 149 S. W.2d 637, 640, expressly approved by the Supreme Court in Clark v. National etc. Ins. Co., 200 S.W.2d 820.

The issues submitted which have bearing upon the questions urged in the appeal were Nos. 9, 10 and 11, which, with the answers thereto, were:

No. 9 found that the fact that Martin had suffered from asthma prior to March 16, 1943, was, under the policy in issue, not material to the risk.

No. 10 inquired whether Martin, at the time he signed the application, intended to deceive the Company in regard to the fact that he had theretofore suffered from asthma. The jury were instructed to answer this issue only in case they answered No. 9 "Yes"; otherwise they "need not answer it." They answered No. 9 "No" and did not answer No. 10.

No. 11 found in issuing the policy the Company "relied upon the statement that Fred P. Martin had never suffered from asthma."

The Company urges five points of error in support of its appeal.

■ The first point is to the effect that the policy was void, as a matter of law, by reason of the false statement in the application that assured had never suffered from asthma, irrespective of whether it was material to the risk. This point is overruled for the reasons already stated.

Points 2 and 3 challenge the sufficiency of the evidence as a matter of law to support the answer to special issue No. 9.

Point 4 asserts that the jury in answering issue No. 9 disregarded the court's definition of "material to the risk."

Point 5 urges that the answers to issues Nos. 9 and 11 are conflicting.

■ The only evidence upon the issue whether the pre-existence of asthma was material to the risk was that of the Vice-President-General Manager of the Company to the effect that he relied upon the statement in the application; that had he known that insured had been suffering from recurrent attacks of asthma over a period of years prior to the application the Company would not have issued the policy, "unless the applicant would accept a rider waiving any liability to the Company in the event of death directly or indirectly as a result of it, and it is only doubtful that they would do it then"; that "asthma or anyone suffering with asthma in any form is not considered an insurable risk"; and "that the Company would consider that asthma was material to the risk." It is well settled in this jurisdiction that the question of materiality to the risk is a fact question to be determined by the jury. American Cent. Life Ins. Co. v. Alexander, Tex. Com.App., 56 S.W.2d 864 (Judge Sharp writing for the Commission); American Bankers Life Ins. Co. v. Baker, Tex.Civ. App., 126 S.W.2d 56, error dis. C. J. (Justice Folley writing for the Amarillo court).

■ The jury were warranted in disregarding this evidence, though uncontradicted, as the witness was interested. See Franklin Life Ins. Co. v. Villeneuve, 29

Tex.Civ.App. 128, 68 S.W. 203, and cases cited on this point.

Unless we could hold that the evidence as a matter of law showed that the false statement was material to the risk, there is no basis for the contention that the jury disregarded the court's definition of "materiality to the risk." We, therefore, overrule point 4.

Nor do we think there is any necessary conflict between the answers to issues 9 and 11. Materiality to the risk and reliance upon the truth of a statement in the application are clearly two separate and distinct facts. The Company could rely upon the truth of an immaterial as well as a material statement. The jury may well have believed the vice-president's testimony that the Company relied upon the truth of the statement, and yet may not have believed that the burden resting upon the Company had been met to establish the materiality of the statement. See General American Life Ins. Co. v. Martinez, above.

But, independently of the last two above holdings, there is another ground upon which the judgment must be sustained. Under the quoted provision of paragraph XII of the policy the statements in the application (in the absence of fraud) were "representations and not warranties." As above shown one of the essential elements of fraud is the intent to deceive, and that in order to avoid a policy on the ground of misrepresentation of a material fact, it is incumbent upon the insurer to show (and obtain a jury finding thereon), not only that the statement was false, known to be false, material to the risk, and relied upon by the insurer, but that it was "made wilfully and with the intention of inducing the insurer to issue him the policy." Clark v. National, etc., Ins. Co., supra. There was no objection to the court's charge as submitted, and the issue of intent to deceive (No. 10) was submitted conditionally only upon an affirmative answer to No. 9. In not answering issue No. 10 the jury literally followed the court's instruc-

tion not to do so in case of a negative answer to No. 9. Manifestly the Company acquiesced in this conditional submission of No. 10, and waived a jury finding thereon upon the jury's affirmative answer to No. 9. Under the express provisions of Rule 279, Texas Rules of Civil Procedure, this issue is "deemed as found by the court in such manner as to support the judgment." That is, if "there is evidence to support a finding thereon." See Clark v. National, etc., Ins. Co., supra.

It is contended, however, that the evidence conclusively shows a fraudulent intent, that is an intent to deceive. We do not so hold. The evidence upon that issue will support findings in substance as follows: Martin had in previous years suffered from asthma, which was of a "seasonal, allergic" character. In August 1937 he had a severe attack, but by October of that year he was doing fine and never thereafter had a severe attack. During the two or three years prior to the application he did not have "any asthma at all—practically none," and when the policy was applied for he was in the best of health and free of asthma. The name and address of his family physician were given in the application, and this physician testified upon the trial. In the application Martin stated that in the preceding two years he had had a "physical examination for employment." This examination was made under the United States Civil Service Commission at Austin on August 31, 1942, and in it Martin stated that he had "Seasonal allergy—Asthma." Upon this application for employment he was accepted and worked at Randolph Field as a machinist until late in the summer of 1943. The examining physician stated that in his opinion Martin was capable of performing duties of "Arduous-Moderate" physical exertion.

This evidence, we think, clearly sufficient to support a finding that the misstatement as to asthma was not made with intention to deceive the Company.

The trial court's judgment is affirmed.

Affirmed.