**SECURITY INS. CO. v. JAGOE.**

**No. 15324.**

Court of Civil Appeals of Texas. Fort Worth.

Feb. 22, 1952.

Rehearing Denied March 28, 1952.

Johnson & Rembert, of Dallas, for appellant.

Earl L. Coleman, of Denton, for appellee.

CULVER, Justice.

Appellee, J. W. Jagoe, sued appellant, Security Insurance Company, on an extended coverage policy for loss occasioned by windstorm and hail to articles of household furniture. Trial was to the court without a jury and judgment entered against appellant for the sum of $842.60, plus interest from October 27, 1949.

Appellant bases his appeal upon three points: (1) No proof of loss was rendered to appellant by appellee and no waiver of such proof of loss was plead by appellee. (2) The damages awarded by the trial

court under the evidence were excessive. (3) The court erred in awarding appellee interest on the amount of damages from October 27, 1949 to date of trial.

Appellee's petition reads in part: "that immediately after such damage was done that plaintiff notified defendant through its duly authorized agent of such damage and that this plaintiff has done and performed every act and prerequisite requested by said defendant and required by the terms of said policy." No exception was leveled to this pleading, defendant's answer consisting of a general denial and special denial of liability for the reason that the plaintiff failed, within ninety-one days after the loss, to furnish to the defendant proof of loss as required by the policy therein sued upon.

■ The requirement in the policy that "proof of loss" should be rendered to the Company within ninety-one days is valid and unless this requirement has been met or has been waived by the Company, recovery is denied. Commercial Union Assurance Co. v. Preston, 115 Tex. 351, 282 S.W. 563, 45 A.L.R. 1016; West American Ins. Co. v. First State Bank of Rio Vista, Tex.Civ.App., 213 S.W.2d 298. It is also true that if waiver of proof of loss is relied upon, it must be specially plead. 43 Tex.Jur., p. 899, and authorities there cited. From that portion of appellee's petition above quoted, we conclude that there was no pleading of any waiver. It is necessary to set forth some act, declaration or course of dealing on the part of the insurer which would reasonably lead insured to believe that compliance with conditions laid down in the policy will not be insisted upon. Fidelity & Guaranty Ins. Corporation v. Super-Cold Southwest Co., Tex.Civ.App., 225 S.W.2d 924.

■ It does appear, however, that the appellant called a witness who testified on direct examination that he was employed as an adjuster by Security Insurance Company to investigate this loss; that within a week or ten days after the storm he interviewed Mr. and Mrs. Jagoe in connection with the loss; that Mrs. Jagoe showed him a list of the damaged items and he attempted to adjust this loss with her; that he and she came to an agreement on all the items except two. Despite the failure to plead waiver of proof of loss, we are of the opinion that in view of the above testimony offered by the appellant the issue of waiver was tried by consent of both parties. Rule 67, Texas Rules of Civil Procedure, provides, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Harris v. Harris, Tex. Civ.App., 174 S.W.2d 996; American National Ins. Co. v. Fox, Tex.Civ.App., 184 S.W.2d 937.

■ We are also of the opinion that the testimony given by appellant's witness was sufficient to support the implied finding on the part of the trial court that the Company had waived the proof of loss. Fidelity & Guaranty Ins. Corporation v. Super-Cold Southwest Co., supra.

■ The evidence on the amount of damages shows that the controversy chiefly concerned the value of a large rug. A witness engaged in the furniture business testified for appellee that he had examined the rug and that it was worth new about $740. He further fixed the replacement value of the rug in the condition it was in immediately before the damage at $672. The rug in its damaged condition, according to the witness, was worth something more than $25. According to appellant's witness, the replacement cost of the rug was about $560, and was worth $375 immediately before the damage, $100 thereafter. Not in dispute are other items admittedly in the sum of $317.10.

Taking only the testimony offered by the appellant and the concessions made by it, the damage stands in the sum of $592.10. Considering the fact that appellee's witness placed a much higher value on the rug, it does not seem that the damages assessed by the court were wholly without support in the evidence. In addition, there were various other articles, such as pictures and leather folders, a tier table and a night

stand, which were damaged but as to which no testimony was shown of the market value.

The point raised by appellant as to the item of interest allowed is more or less corollary to the first point. "As a general rule, the insurer is liable for interest from the time the policy becomes payable, that is from the date when the right of action first accrued according to the terms of the policy." 24 Tex.Jur., p. 1146.

The court having impliedly found that the Company waived the proof of loss, we conclude that appellant cannot therefore complain of the allowance of interest beginning sixty days after the expiration of the ninety-one day period provided for the furnishing of proof of loss.

Finding no reversible error, the points raised by appellant are overruled and the judgment accordingly affirmed.