**JOHN HANCOCK MUTUAL LIFE INSUR-
ANCE COMPANY, Appellant,**

v.

**Julia F. ESPARZA et al., Appellees.**

No. 12871.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 16, 1955.

Rehearing Denied Feb. 15, 1956.

Davis, Clemens, Knight & Weiss, F. Nolan Welmaker, George H. Spencer, San Antonio, for appellant.

G. Woodson Morris, San Antonio, for appellees.

POPE, Justice.

Appellant, John Hancock Mutual Life Insurance Company, has appealed from an adverse judgment which denied its prayer to cancel a reinstated life insurance policy and ordered that it pay the beneficiary of Adolfo Esparza the amount of the policy. The insurer's suit to cancel was grounded upon certain fraudulent representations made by

Esparza, the insured, to procure a reinstatement of the policy after it had lapsed. The trial was to a jury, which found that the insured made the false representations and that they were relied upon by the insurer. Judgment was granted on the verdict, because the jury found that Esparza's misrepresentations were not intentionally made. Insurer insists that its motion to disregard the jury answers on intent, and for judgment non obstante veredicto should have been granted, because the uncontradicted evidence is that the false statements were intentionally made. Rule 301, Texas Rules of Civil Procedure. Alternatively, insurer argues that the jury finding of lack of intent to deceive is against the overwhelming preponderance of the evidence and its motion for new trial should have been granted. Hence the controlling questions presented by the appeal are whether there is any evidence to raise a fact issue on the question of insured's intent to deceive, and if so whether the finding of intent is against the overwhelming preponderance of the evidence.

The insured, Esparza, permitted his insurance to lapse for non-payment of a premium, and thereafter the insurer submitted to him an application for reinstatement. Such application did not require a medical examination. Insured, in making the application, stated that, (1) he was in sound health, (2) during the period of his default in paying the premium he had suffered no injury, ailment, illness or disease or symptoms of such, and (3) he had not consulted nor been treated by a physician or other practitioner. All the evidence is that the statements were false.

◼ Appellant's point compels us to search the record for any evidence which supports the jury finding that Esparza did not intend, by his false statements, to induce a reinstatement of the policy. The facts reveal that Esparza, when he signed the application and made the false statements, had incurable cancer of the bone which had spread to the hands, arms and chest. He suffered pain by reason of his malady and had consulted at least seven different doctors within three months of the time he made the misrepresentations. He had received treatments in the form of drugs, massage and electrical apparatus. He signed the application on October 6, 1947, and during the period from July to September 22, 1947, he had made numerous trips to the Santa Rosa Hospital for deep X-Ray and other treatments for cancer. The X-Ray specialist testified that he treated Esparza on twenty occasions on seventeen different days. He gave two X-Ray treatments on three different days. Esparza walked from his home to the hospital to receive the treatments. Two months and two days after Esparza made the false statements he died of cancer. The misstatements were not prompted by ignorance or misunderstanding. They were conscious misrepresentations of material facts.

The evidence relied upon to raise a fact issue on intent is that Esparza was sitting on his front porch, wearing only an undershirt, when the insurance agent obtained the application for reinstatement. Esparza's arm was then swollen to about twice its normal size. Esparza gave an appearance of a sick man, and he openly went to see his doctors and to visit the hospital without endeavoring to conceal that fact, though he may have concealed it by false answers to direct questions put to him by one who did not know about the treatments. The evidence relied upon by the appellee is relevant to issues on waiver or estoppel by reason of the insured's notice or knowledge of the falsity of Esparza's statements. Waiver and estoppel by reason of such notice or knowledge were not affirmatively pleaded, requested or submitted. Those issues are not in this case. Rule 94, T. R. C. P. See Perry v. Citizens Life Ins. Co., Tex.Civ.App., 163 S.W.2d 743; Smith v. Farmers' State Bank, Tex.Civ.App., 262 S.W. 835; Security Ins. Co. v. Jagoe, Tex. Civ.App., 247 S.W.2d 298; Andrews v. Powell, Tex.Civ.App., 242 S.W.2d 656; 9 Tex.Jur. Supplement, Waiver, § 7; 17 Appleman, Insurance Law and Practice, § 9500.

Esparza's false statements were not ignorantly made, nor were they innocent misstatements of the facts, as in Great Southern Life Ins. Co. v. Doyle, Tex.Com. App., 136 Tex. 377, 151 S.W.2d 197; Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820; Bankers Standard Life Ins. Co. v. Atwood, Tex. Civ.App., 205 S.W.2d 74; Imperial Life Ins. Co. v. Cartwright, Tex.Civ.App., 119 S.W.2d 683; Colorado Life Co. v. Newell, Tex.Civ.App., 78 S.W.2d 1049, and other cases. He knew, when he made the misrepresentations, that he was suffering from a malady of the arm, hands and chest, that he was almost daily receiving deep X-Ray treatments at the Santa Rosa Hospital in San Antonio, that he walked each day from his home to the hospital to receive the treatments, that he had consulted and been treated by massage, X-Ray, drugs and electrical apparatus by at least seven different doctors and that the treatments and his illness had continued up to the date of the application. The finding that Esparza did not intend to deceive is contrary to the controlling undisputed facts that he knew, intended to and did deceive the insurer in falsely answering the three material matters stated above. This Court, in an almost identical case, so ruled in American Nat. Ins. Co. v. Stevens, Tex.Civ.App., 262 S.W. 833. See also, Jackson v. National Life & Accident Ins. Co., Tex.Civ.App., 161 S.W. 2d 536; National Life & Accident Ins. Co. v. Burden, Tex.Civ.App., 101 S.W.2d 292; Texas Prudential Ins. Co. v. Authement, TexCiv.App., 64 S.W.2d 391; Aetna Life Ins. Co. v. Shipley, Tex.Civ.App., 134 S.W. 2d 342.

The motion for judgment non obstante veredicto should have been granted. We conclude, in any event, the finding that there was no intent to deceive is against the overwhelming preponderance of the evidence. The judgment is reversed and rendered cancelling the policy.

On Motion for Rehearing.

POPE, Justice.

By trial amendment, filed after the evidence was closed, appellee, Esparza, pleaded that the insurer, through its agent who solicited the reinstatement, knew about Adolfo Esparza's sickness, and thereby the company, by approving the reinstatement, waived any right to cancellation of the policy because of insured's physical condition. Our opinion was in error in stating that there were no pleadings of waiver. However, as stated in the opinion, appellee made no request for an issue and none was submitted inquiring whether the insurer waived the fact of Esparza's false answers. We do not depart from our conclusion, therefore, that the waiver issue was not in the case and was a fact issue. Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820. Waiver is an affirmative defense. It is an independent ground of recovery or defense and must be requested and submitted or it is waived. Federal Surety Co. v. Smith, Tex.Com.App., 41 S.W.2d 210, 214; Nu-Enamel Paint Co. v. Davis, Tex.Civ.App., 63 S.W.2d 861, 866; Connecticut General Life Ins. Co. v. Horner, Tex.Civ.App., 21 S.W.2d 45; White v. National-Ben Franklin Ins. Co., Tex.Civ.App., 1 S.W.2d 1117; 41–B, Tex. Jur., Trial—Civil Cases, § 430; 3 McDonald, Texas Civil Practice, § 12.36.

Andrews v. Powell, Tex.Civ.App., 242 S.W.2d 656, is cited for the point that the waiver may be deemed as found by the trail court in support of the judgment. In that case, however, the court failed to find that waiver existed and that decision does not rest upon the basis of a presumed finding because waiver was not pleaded, submitted, nor requested, and, therefore, as here, was not an issue in the case at all.

Appellee's motion for rehearing is overruled.