The FARMERS MUTUAL PROTECTIVE
ASSOCIATION OF TEXAS
(R.V.O.S.), Appellant,

v.

Victor CMEREK, Appellee.

No. 11410.

Court of Civil Appeals of Texas.

Austin.

June 1, 1966.

Rehearing Denied June 22, 1966.

Kacir & Kazanas, Geo. E. Kacir, West, for appellant.

Fox, Fondren & Sapp, David R. Sapp, Taylor, for appellee.

ARCHER, Chief Justice.

This suit was brought by appellee against appellant to recover upon a fire and extended coverage insurance policy. Appellant is a Farm Mutual Insurance Company, organized and existing under the provisions

of Chapter 16, V.A.T.S., Insurance Code and, as such, is engaged in the business of writing insurance of the type involved in this case.

On February 28, 1964, appellant issued to appellee a policy of insurance providing coverage for losses to appellee's residence resulting from fire and other hazards, including hail. On March 4, 1964, a heavy hailstorm occurred at the location of appellee's residence which appellee alleges caused extensive damage to the composition roofs on his house and garage and to the aluminum awnings and screens on the west side of his house. Appellee duly gave notice of his loss to an agent of appellant and seasonably filed his proof of loss as required by his insurance policy. Appellant declined to make payment to appellee under the policy and appellee sued.

During the pendency of this suit on the docket of the trial court, appellee delivered to appellant his Request for Admissions to which appellant filed its response. Thereafter, appellee filed his Motion for Summary Judgment, together with supporting affidavits. The Motion for Summary Judgment was overruled by the trial court and the case proceeded to trial upon the merits before a jury on the 26th day of October, 1965. At the conclusion of all of the evidence, the case was submitted to the jury upon one special issue and the jury returned its verdict which is favorable to appellee and unfavorable to appellant.

The appeal is founded on eight points assigned as error by the trial court in overruling a Motion for New Trial because appellee failed to prove actual cash value of the property with proper deduction for depreciation; appellee's proof was that the cost of replacing the roof was $437.50 and $129.00 for awnings and screens without an allowance for depreciation; that there was no evidence or the evidence was insufficient to support the verdict of the jury; because the judgment provides for interest on the day of the verdict;

because one of the jurors was prejudiced; because appellee testified that his total loss was $468.60; and finally because the appellee misrepresented the age and expected life of the roof.

Appellee contends that since this is a suit to recover for a partial loss that the pleadings and proof showed the amount it would cost to repair or replace the property, and that the verdict of the jury was on conflicting evidence and was supported by the evidence, the judgment was proper, and correctly awarded interest, and that the testimony of a juror was improperly heard, but did not raise an issue of jury misconduct, that appellee's proof of loss was filed in obedience to the terms of the insurance policy, and such policy was admitted by appellant to be valid.

■ We believe that appellee properly proved his loss, by proving the amount it would cost to repair or replace the property in accordance with a provision of the policy for the limitation of liability, which is as follows:

"Subject to Article 6.13 of the Texas Insurance Code, 1951, as amended, liability hereunder shall not exceed the actual cash value of the property at the time of loss, ascertained with proper deduction for depreciation; nor shall it exceed the amount it would cost to repair or replace the property with material of like kind and quality within a reasonable time after the loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture; nor shall it exceed the interest of the insured, or the specific amounts shown under 'Amount of Insurance.' "

The policy was issued to appellee five days before the loss occurred and provided for insurance of such roof for 17 years.

The insurer is not entitled to a deduction for depreciation in the event of a partial

loss, as distinguished from a total loss. In Gulf Insurance Company v. Carroll, Tex.Civ.App., 330 S.W.2d 227, n.w.h., a case very much like the instant case, discussed in detail the authorities in cases of this character and we do not deem it necessary to review such.

In Implement Dealers Mutual Insurance Co. v. Cox, Tex.Civ.App., 376 S.W.2d 384, n.w.h., the Court referred to the Carroll case supra.

Appellant's first two points of error are overruled.

As concerns points Nos. 3 and 4 directed to the no evidence or insufficient evidence to support the verdict of the jury in answering Special Issue No. 1:

> "What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence, would fairly and reasonably compensate Plaintiff for the hail damage done to his house and garage on March 4, 1964, with material of like kind and quality within a reasonable time after the loss?
>
> Answer by stating the amount, if any, in dollars and cents.
>
> Answer: *$566.50*"

■ We believe that the verdict of the jury and the judgment are supported by the evidence.

Appellee testified that there was nothing wrong with his roof before the hailstorm, and that an adjuster or appraiser for the company, a Mr. Pavliska, looked over the awnings and screens and the roof and said that the roof would have to be redone completely, and to repair the awnings and screens.

On cross-examination appellee testified that Mr. Pavliska was a brother-in-law.

Edward Herman Wolbrueck, Jr. testified that he was an employee of Taylor Builders' Supply, and made estimates, repairs and re-roofing and anything concerned with building, and that he examined the roof of the residence of appellee and found damage to the roof and to some awnings and window screens, and that he determined that a new roof would have to be put on and could not be repaired.

Edwin Widner, a witness called by appellee, testified that he did carpenter work, including roof work, and that he inspected appellee's roof and found it damaged, and that it could not be repaired but would require a new roof.

Henry Rozacky, Jr., called by appellant, testified that he was a carpenter and a farmer, and that he inspected appellee's residence with Albert Repa, and was paid by appellant, and looked at the roof and saw some four or five marks on four or five shingles, and the roof could have been repaired in a day's time and with a square of shingles, and the cost for labor would be at most $20.00 and shingles would cost about $10.00.

There were other witnesses who testified and the evidence was conflicting and the jury was authorized to accept some and reject other testimony.

■ We may consider only evidence, if any, which would in its most favorable light support the jury finding.

Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359.

No objection was made to the way the issue was submitted and no request was made for explanatory instructions and the jury answered the issue as it was submitted.

■ Complaint is made to the granting of a judgment in an amount greater than the amount claimed by appellee in the proof of loss in the sum of $468.60.

The proof of loss was filed in obedience to the terms of the insurance policy, and is not evidence of the extent of the loss.

Aetna Insurance Co. v. Klein, 160 Tex. 61, 325 S.W.2d 376.

■ The court properly allowed interest under Articles 5069 and 5070, Vernon's

Ann.Civ.St., from 60 days after the proof of loss was received by the Company as provided in the policy.

Texas Company v. State, 154 Tex. 494, 281 S.W.2d 83.

Security Insurance Co. v. Jagoe, Tex. Civ.App., 247 S.W.2d 298, n.w.h.

Proof of loss was presented to appellant on May 23, 1964, and interest, which was in the discretion of the court, was allowed from July 23, 1964 at the rate of 6%.

■ There was no showing of jury misconduct. The motion for a new trial did not particularize the matters complained of, based on knowledge and not on suspicion or hope.

There was no allegation or proof of misconduct on the part of the jury, or that the verdict was affected thereby, or that injury probably resulted to appellant as is required by Rule 327, Texas Rules of Civil Procedure.

Moran Utilities Co. v. McHaney, Tex. Civ.App., 325 S.W.2d 712, er. ref., n.r.e.

The judgment of the trial court is affirmed.