**GENERAL AMERICAN LIFE INS. CO. v. MARTINEZ et al.**

No. 4045.

Court of Civil Appeals of Texas. El Paso.

Feb. 13, 1941.

Rehearing Denied March 27, 1941.

Allen May and J. R. Burcham, both of St. Louis, Mo., and Harper Macfarlane and Brooks, Napier, Brown & Matthews, all of San Antonio, for appellant.

G. Woodson Morris, of San Antonio, for appellees.

638

PRICE, Chief Justice.

This is an appeal from a judgment of one of the District Courts exercising jurisdiction in Bexar County, wherein Celedonio Martinez, as plaintiff, recovered a judgment against General American Life Insurance Company, defendant, in the sum of $1,000, together with 12 per cent. penalty thereon and $300 attorney's fees. Defendant perfected an appeal from the judgment rendered, and the case is here for review.

The statement of the nature and result of the suit as made in appellant's brief is, we think, correct, and we shall substantially adopt same.

This action was brought in the District Court of Bexar County, Texas, 45th Judicial District, by the appellee, Celedonio Martinez, against the appellant, General American Life Insurance Company, to recover on a certificate of insurance issued to the said Celedonio Martinez under a group policy issued by appellant to Martinez' employer, the San Antonio Machine & Supply Company. The certificate provided for the payment of $1,000 in the event the insured, before having attained the age of sixty years, became totally and permanently disabled by bodily injury or disease. In addition to the principal amount of insurance, plaintiff sued for penalty and attorney's fees.

The defendant filed a general demurrer and general denial to plaintiffs' original petition and in addition a cross-action and counterclaim against plaintiffs, Celedonio Martinez and Horeta P. Martinez, the wife of the plaintiff, and G. Woodson Morris, plaintiffs' attorney. It was alleged in the cross-action that the plaintiff Celedonio Martinez, in September, 1938, applied for a certificate of insurance under the group policy; that in the application for insurance and also in a statement made to Dr. E. W. Coyle, medical examiner for the insurance company, plaintiff Celedonio Martinez made material misrepresentations, stating that he had not consulted a physician within the past five years, when in truth he had been in the hospital and under the care of a physician a few months before the certificate was applied for. The company sought to cancel the certificate by virtue of the fraud practiced by plaintiff in procuring same.

The case was transferred to and tried in the 57th Judicial District Court.

The court submitted the case to the jury upon special issues, and the jury returned into court their verdict finding, (1) that Celedonio Martinez, plaintiff, was asked the question in the application for insurance: "Have you had any disease or injury or have you received any medical or surgical advice or attention within the last five years?" (2) that he answered the question in the negative; (3) that his answer was untrue; (4) but that plaintiff did not make such false answer intentionally to induce defendant to issue the certificate of insurance. The jury further found (6) that Martinez was not asked, in the medical examiner's report, the question, "Have you had any disease or injury or have you received any medical or surgical advice or attention within the past ten years?" (7) but that plaintiff answered the question in the negative and (8) that the answer was not untrue.

The jury further found that the plaintiff Celedonio Martinez was totally disabled; that the total disability is permanent; and that $300 would be a reasonable attorney's fee.

The defendant filed motion for judgment based on the jury's verdict, which was overruled. Judgment was entered in favor of plaintiff Celedonio Martinez for $1,000 principal, $120 as penalty and $300 as attorney's fees, with interest at 6 per cent. per annum from January 11, 1940, and it was further ordered that the appellant, General American Life Insurance Company, take nothing by reason of its cross-action and counterclaim against plaintiffs, Celedonio Martinez and Horeta P. Martinez, and it was ordered that G. Woodson Morris be dismissed as a party defendant.

The parties will be designated throughout as they were in the trial court.

The first two propositions briefed by defendant assert error on the part of the trial court in refusing, at the close of all of the evidence, to instruct a verdict for defendant; (2) in refusing to grant defendant's motion for judgment after the verdict of the jury was received.

The theory is that the undisputed evidence was that the plaintiff, in his application for insurance and in his statement to the physician of the defendant company, falsely represented that he had not been treated by a physician within five years before such date; that such statements were false as a matter of law, were known to be false; that such statements were relied upon by defendant company, and

such statements were, as a matter of law, material to the risk.

Special issues one to five submitted by the court to the jury and the answers of the jury thereto were as follows:

"(1) Do you find from a preponderance of the evidence that the following question was asked the plaintiff, Celedonio Martinez, in the application for insurance herein: 'Have you had any disease or injury or have you received any medical or surgical advice or attention within the last five years?' Answer 'Yes' or 'No.'"

Answer: "Yes."

"(2) Do you find from a preponderance of the evidence that the answer of the plaintiff, Celedonio Martinez, to said question, was in the negative? Answer 'Yes' or 'No.'"

Answer: "Yes."

"(3) Do you find from a preponderance of the evidence that the answer of the plaintiff, Celedonio Martinez, to said question was untrue? Answer 'Yes' or 'No.'"

Answer: "Yes."

"(4) Do you find from a preponderance of the evidence that Celedonio Martinez intentionally made such false answer to induce the defendant to issue said certificate of insurance? Answer 'Yes' or 'No.'"

Answer: "No."

"(5) Do you find from a preponderance of the evidence that the answer of the plaintiff, Celedonio Martinez, to said question was material to the risk or actually contributed to the contingency or event upon which said policy of insurance became due and payable? Answer 'Yes' or 'No.'"

Unanswered. (No. 5 was to be answered only if No. 4 was answered in the affirmative.)

The following may be taken as the undisputed facts, part of which, however, are comprehended in unassailed findings of the jury:

On the 8th day of September, 1938, plaintiff made application for the insurance in question herein; on the 17th day of September, 1938, plaintiff appeared before Dr. E. W. Coyle, medical examiner for defendant, and purported to answer certain questions propounded by such examiner, signing such application; that upon receipt of such medical report on the 1st day of October, 1938, the defendant issued to plaintiff a certificate attesting that he came under the group policy theretofore issued to his employer, San Antonio Machinery & Supply Company; on or about the 6th day of October, 1938, plaintiff became totally disabled by bodily disease or accident, and was and will be at all times thereafter wholly prevented thereby from engaging in any gainful occupation.

The gravamen of defendant's complaint is that plaintiff should not recover on account of fraudulent representations made by him to obtain the policy. These alleged fraudulent representations were made in the application by plaintiff for the policy and in his statement to the medical examiner.

The proposition that as to the issue of fraud the burden of proof is upon the defendant is elementary.

Before considering this branch of the case, let us briefly consider the law as to misrepresentations contained in an application for insurance in a policy of this character.

An immaterial misrepresentation, even though fraudulently made, that is, with knowledge of its falsity and with intent to deceive, does not defeat recovery on the policy. Likewise, a material misrepresentation does not defeat recovery if innocently made; that is, without intent to deceive. American Central Life Ins. Co. v. Alexander, Tex.Com.App., 56 S.W.2d 864.

Stated in another way, lacking in one of the constituent elements of fraud as applied and defined in relation to insurance policies, a misrepresentation of fact does not defeat recovery. A misrepresentation made without intent to deceive as applied to the representations here involved, though false, is not fraudulent. American Central Life Ins. Co. v. Alexander, supra; Colorado Life Co. v. Newell, Tex.Civ.App., 78 S. W.2d 1049, writ refused; Southern Life & Health Ins. Co. v. Ramirez, Tex.Civ.App., 93 S.W.2d 234.

In the light of these legal principles, let us, then, examine the findings of the jury in this case.

Heretofore we have set forth issues one, two, three, four and five and the responses of the jury thereto. Clearly the interrogation inquired about was propounded to plaintiff in the application for the insurance herein. He signed the application with a negative answer thereto. That the response thereto was untrue, as found in special issue No. 3, is amply supported by the evidence, if not conclusively established. To

sustain the judgment rendered plaintiff must rely on the finding of the jury on issue No. 4 to the effect that he did not make the answer intentionally to induce defendant to issue said certificate of insurance. The answer to No. 5, inquiring as to the materiality, etc., of such representations, was not answered by reason of the finding of the jury on No. 4.

The finding on No. 4 is vigorously assailed by defendant as being without evidence to support same. It is asserted that appellee knew that he was signing an application for insurance and that the purpose thereof was to enable defendant to determine whether or not it would grant the insurance sought, and, if so, upon what terms. We take the position of defendant to be that such representation, under the undisputed evidence, was fraudulent, in that same was made with the intention on the part of plaintiff to deceive defendant. If this be true, it must be because it is to be conclusively inferred from the falsity of the representation, knowledge of the falsity thereof, and knowledge of the purpose for which the information was sought.

Under the evidence the questions were purported to be read to plaintiff by R. D. Olivarri, the agent of defendant. Plaintiff had an imperfect knowledge of English. Olivarri admits that he had an imperfect knowledge of Spanish; he propounded the questions in Spanish. He testified that an English translation of the question actually propounded in Spanish was as follows: "In the past five years have you needed a doctor for accident or sickness?"

The question really was: "Have you had any disease or injury, or have you received any medical or surgical advice or attention within the last five years?"

Comparison of the question as it was in the application and as it was said to be actually propounded to plaintiff reveals a substantial difference between the two inquiries. Plaintiff signed this application written in a language foreign to him, and of which he had a most imperfect understanding, the evidence seems to indicate. He testified on the trial through an interpreter. There is ground, we think, from the evidence for a reasonable inference that the questions propounded by the agent of defendant to plaintiff were not understood by him. It appears from the testimony of the witness Olivarri that the entire application was not translated to plaintiff—in fact, the witness expressed doubt as to his ability to translate the entire application.

We think the evidence is susceptible to the reasonable inference that plaintiff could not read English; further, that he did not understand the questions propounded to him when he made the recorded replies thereto; that the recited purpose and agreement contained in the application were neither read nor explained to him.

In our opinion this evidence supports the finding that the representation made was without intent to deceive. A failure to understand and comprehend the representations made, under the evidence in this case, would, in our opinion, support the finding that same were made without intent to deceive. If plaintiff failed to understand the questions propounded, under the evidence, the mistake might reasonably be attributed to defendant's soliciting agent. Great Nat. Life Ins. Co. v. Hulme, 134 Tex. 539, 136 S.W.2d 602. We do not mean to hold that the evidence tends to raise the issue of fraud on the part of Mr. Olivarri, defendant's agent,—in fact we believe that issue is not raised by the evidence. The issue was raised, we think, as to his imperfect translation of English into Spanish.

What has heretofore been said disposes of the assignment relating to the court's charge conditioning the answer to special issue No. 5 on an affirmative answer to special issue No. 4. Unless the misrepresentations were made with intent to deceive, whether same were material to the risk or the fact misrepresented contributed to the loss, were immaterial.

The defendant requested and the court refused the following special issue: "(a) Do you find from the preponderance of the evidence that the defendant, in issuing said certificate of insurance, relied upon the answer of the plaintiff, Celedonio Martinez, to said question?"

The request for an answer to the issue was conditioned on an affirmative answer to special issue No. 3 contained in the court's submission. The fact comprehended in the issue was not submitted by the court in any other portion of the charge. Error is assigned on the refusal of the requested issue.

The following are the constituent elements of a misrepresentation avoiding liability on an insurance policy: (a) making of the representation; (b) the falsity thereof; (c) reliance thereon by the insurer; (d) the intent to deceive on the part of the assured in making same; (e) the

materiality thereof, that is, was it material to the risk or the fact represented contributed to the loss in maturing the policy. Maniatis v. Texas Mutual Life Ins. Co., Tex.Civ.App., 90 S.W.2d 936, 937. Without the concurrence of each and every one of the factual elements above set forth, a misrepresentation does not constitute a cause of action for the cancellation of the policy, and it is not a valid defense to liability.

Special issues one to five, inclusive, submitted the essential elements of fraudulent misrepresentation save as to the reliance on the misrepresentation. In a sense special issues one to three were established by the undisputed evidence. Plaintiff did sign his name to the application containing an untrue answer to the question involved.

■ Reliance on a misrepresentation is distinct from the materiality thereof, although the distinction may not at all times be clear. One could hardly be said to rely on an immaterial misrepresentation. If he does, he is not entitled to relief. Of course, it may be that one does not rely on a material misrepresentation. In such a case he is not entitled to relief. An instance of this is the case where he relies wholly on his own investigation and not the representation made. We are of the opinion that under the undisputed evidence defendant here did rely on the representation contained in the application. The subsequent examination by the physician of the company would not disclose previous medical treatment. It might not disclose previous illness or disease. It is well known that it is almost the universal custom of insurance companies issuing life policies to, in substance, make the inquiry here in question. There is no notice shown of the falsity of the representation prior to the issuance of the policy. Defendant's position at the trial below and here is tentatively at least that reliance was not a question for the jury, in that the testimony was undisputed relative thereto. We hold it was not error to refuse the issue because the affirmative thereof was established by the undisputed evidence.

■ However, if we should be mistaken in this, in our opinion, the findings of the jury on the issues submitted rendered a finding thereon immaterial.

■ As ground for reversal it is urged that counsel for plaintiff, in the closing argument, sought to obtain a favorable verdict by an appeal to prejudice. The basis for the assignment, as reflected by the bill of exception, is that counsel for the plaintiff, in the closing argument, used this language: "This great Insurance Company with all the power at its command." By the context it seems it was argued that if defendant in its investigation of the case had found anything against the plaintiff, it would have brought it out in the course of the trial. When the statement referring to defendant as "This great Insurance Company" was made, counsel for the defendant objected to the statement on the ground that there was no evidence to sustain same. The court then admonished the jury as follows: "Gentlemen, you will only consider the testimony in this case, and that alone." Counsel for plaintiff then repeated in substance the statement, omitting the word "great." Objection was renewed. No ruling by the court appears. Defendant's proposition is that such argument was highly prejudicial to defendant, in that it called attention to the difference in financial condition between plaintiff and defendant, and sought to influence the jury to return a verdict on prejudice. The argument complained of does not directly call to the attention of the jury the difference between the financial condition of the plaintiff and defendant. In our opinion, it is not reasonably susceptible of the construction that the defendant was rich and powerful and the plaintiff poor. In effect it was simply that defendant had the means to make an investigation of the case, and if it, in the course of the investigation, had found anything against the plaintiff it would have brought it out on the trial.

In support of this assignment defendant cites Texas Company v. Gibson, 131 Tex. 598, 116 S.W.2d 686; Vaughan v. Kishineff, Tex.Civ.App., 63 S.W.2d 1081; and Gulf, C. & S. F. Ry. Co. v. Carson, Tex.Civ.App., 63 S.W.2d 1096.

It would unduly lengthen this opinion to distinguish each of those cases from the case here. Suffice it to say in each of the cited cases the appeal was direct and persistent, the purpose obvious. Here, it is only by a strained inference that there was a contrast between the financial condition of the parties. The assignment does not present reversible error.

It is ordered that the case be in all things affirmed.