**GOLDEN STATE MUTUAL LIFE INSUR-
ANCE COMPANY, Appellant,**

**v.**

**Mary Dee PRUITT et vir, Appellees.**

**No. 3987.**

Court of Civil Appeals of Texas.

Waco.

May 3, 1962.

Rehearing Denied May 24, 1962.

W. J. Durham, Dallas, for appellant.

Harless & Bailey, Fred S. Harless, Dallas, for appellees.

McDONALD, Chief Justice.

This is a suit on a life insurance policy, insuring the life of Vernie Lee McMillian for $1000. Plaintiff, Mary Dee Pruitt, was beneficiary. Defendant Insurance company issued the policy. The insured is dead.

Defendant denied liability on the policy, on the ground that the insured made false answers in the application, and that such false answers were intentionally, willfully and fraudulently made, for the purpose of having defendant deliver same; that defendant believed same, and was induced to issue the policy declared upon.

Trial was to a jury which, in answer to issues submitted, found:

1) Deceased did not tell Hazel Oaks (defendant's agent) that she was in good health at the time the application for the policy was taken.

7) Deceased did not tell defendant's agent she had not had heart trouble at the time the application for the policy was taken.

13) Deceased did not tell defendant's agent that she had never been confined to a hospital at the time the application for the policy was taken.

19) Deceased did not tell defendant's agent that she had had no illness in the past 10 years at the time the application for the policy was taken.

The Trial Court rendered judgment for plaintiff for the face amount of the policy, statutory 12% penalty and $350. attorneys' fees.

Defendant appeals, contending:

1) There is no evidence to support the verdict and judgment.

2) The findings are against the great weight and preponderance of the evidence.

3) The trial court erred in overruling defendant's motion for judgment non obstante veredicto for the reason that the undisputed evidence shows deceased, insured, was not in good health, had been treated and been to the hospital for heart trouble; and that her answers to the questions in the application were false and untrue, and were relied on by defendant, and that such answers were fraudulent, intentional, and willful, and material to the risk; and that deceased died as a result of the heart trouble she was suffering with on the date the answers to the questions in the application were made.

The record reflects that defendant's agent, Mrs. Hazel Oaks, approached deceased and took her application for the policy of insurance involved herein; Mrs. Oaks testified that deceased answered the questions in the application to the effect that she was in good health, did not have heart trouble, had not been treated by a doctor or confined in a hospital, and had no illness for 10 years; that she, Mrs. Oaks, recorded such answers on the application; and that she forgot to have deceased sign the application. Several days later Mrs. Oaks came to plaintiff beneficiary's house and told her about the insurance, and requested that she sign deceased's name to the application. Mrs. Pruitt testified that she did sign deceased's name to the application, but that her sister had not authorized her to sign it. Thereafter, defendant issued the policy. The application is dated *26 June, 1958* and the policy is dated *18 July 1958*. Insured died on *10 August 1959,* within the 2 year period in which the policy could be contested for fraud.

The hospital records in evidence reflect that deceased was a hospital patient from *23 March 1958* to *12 April 1958,* and was treated for a heart condition; and that deceased died in the hospital on *10 August 1959,* as a result of *"congestive heart failure",* or *"unknown heart disease".*

Defendant contends that the testimony is undisputed that the insured made false answers to the questions in the application, and that fraud is shown as a matter of law, and it was therefore not necessary to submit any issues to the jury. Defendant cites, among other cases, John Hancock Mut. Life Ins. Co. v. Esparza, (n. r. e.), Tex.Civ.App., 286 S.W.2d 695 as decisive of the contention in its behalf.

As noted, the insured did not sign the application and did not authorize plaintiff to sign it for her. Mrs. Oaks, the agent, testified that she asked insured the questions, and that she recorded the answers as given. There was no other evidence tendered on this point. We think the jury had the right to disbelieve Mrs. Oak's testimony. It was defendant's burden to secure findings that the insured did in fact make the representations complained of. Defendant failed to discharge this burden.

Further to the foregoing, Article 3.44 of the Texas Insurance Code, V.A.T.S. provides that all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties. And to avoid liability on a life insurance policy, because of misrepresentations, the insurer must *plead, prove,* and obtain *findings,* not only that the insured's answers were false, but that the insured knew or should have known of their falsity, and made them wilfully with the intention of inducing the insurer to issue the policy. Clark v. Nat. Life & Accident, 145 Tex. 575, 200 S.W.2d 820; Great Southern Life v. Doyle, 136 Tex. 377, 151 S.W.2d 197.

We do not think defendant carried its burden in this respect. It requested the submission of no issues as to the fraudulent aspect of the representations. We find no testimony in this record that conclusively shows that the insured knew that she had heart trouble at the time she is alleged to have answered the questions on the application for insurance, or that she made false answers wilfully and with the fraudulent

intention of deceiving the insurance company and inducing it to issue the policy. In the Esparza case, supra, cited by defendant, the insured was conclusively shown by the undisputed evidence to have knowingly made false statements that he did not have cancer, when he had been to 7 doctors, was daily under treatment for cancer of the bone, hands, arms and chest; and died of same within 2 months. The case at bar as noted is not such a case.

All of defendant's points and contentions are overruled and the judgment of the trial court is affirmed.