**NATIONAL LIFE ASSURANCE COMPANY OF TEXAS, Appellant,**

v.

**Ola Lee NEVES et al., Appellees.**

**No. 3821.**

Court of Civil Appeals of Texas.

Eastland.

July 26, 1963.

Rehearing Denied Sept. 6, 1963

Harless & Bailey, Dallas, for appellant.

Bryant, Glenn & Thomas, Abilene, for appellees.

WALTER, Justice.

Ola Lee Neves and her husband recovered a judgment against National Life Assurance Company of Texas for $650.00, penalty and attorneys' fees, for weekly indemnity benefits. The insurance company has appealed contending the court erred in overruling its motion for judgment non obstante veredicto because the record conclusively establishes the sickness upon which Mrs. Neves bases her claim for disability benefits had its beginning prior to the effective date of the policy and that Mrs. Neves knowingly made false representations in her application for insurance about the condition of her health.

The insurance company answered appellees' petition with a general denial and an allegation that the sickness upon which Mrs. Neves' claim is asserted originated prior to the effective date of the policy. It also pleaded that she made false representations in her application which were material to the risk involved. It tendered into court $88.50, the full amount of all premiums and charges made and elected to cancel its policy.

The insurance company admitted that Weldon Marshall was its agent on the 20th day of August, 1961, and that on such date the insurance company issued to the appellees the policy sued upon and that Mrs. Neves was suffering from coronary insufficiency.

Mrs. Neves testified that she was acquainted with Weldon Marshall. He called at her beauty shop for the purpose of selling her some insurance. The first time he called she was busy. He later called on her at her home. Her husband and her son were present. When Mr. Marshall started asking her questions, she informed him that she had a report from her doctor and requested him to read it. This report is dated August 1, 1960, and addressed to Legal Security Life Insurance Company, Dallas, Texas, and signed by her doctor, Dr. E. J. Hawkins. The letter stated that Mrs. Neves has been treated in November, 1950, for laryngitis; December, 1952, for the flu; April, 1952, for allergic rash; March, 1953, for sore throat; August, 1953, for virus pneumonia; March, 1955, for cold and cough; October, 1956, for bronchitis and sinus; November, 1957, for flu; March, 1958, for angina secondary to anemia; June, 1958, for hemorrhoids; May, 1959, for virus pneumonitis; January, 1960, for poor circulation; February, 1960, for dizzy spells; and May, 1960, for the flu. The letter was introduced in evidence and sent up in its original form. Some other dates are given and some other ail-

ments are listed, but they are not legible. Marshall read this letter and informed her "Mrs. Neves, I don't see any reason why you shouldn't be covered." Marshall filled out her application. She signed it and wrote him a check for the initial premium. The first illness she had, after the policy was written, was on the 15th day of October, 1961, at her home while she was in bed about 11:00 o'clock at night. She woke up with a severe pain in her chest and stomach. She thought she had indigestion. She took some Rol-Aids which did not relieve her and her husband called the doctor. She saw Dr. Willingham at Cox Clinic that night. She stayed in the hospital three days on this occasion. She left the hospital and continued to see her doctor every ten days until she became extremely ill on February 4, 1962. Dr. Willingham informed her that he thought she had angina. She went to see Dr. Hawkins, who had run two electrocardiograms on her previously. Dr. Hawkins examined her again and informed her that the electrocardiogram had changed and he agreed with Dr. Willingham's diagnosis. On cross examination Mrs. Neves testified she saw Dr. Hawkins on September 2, 1961, and that on such occasion she might have had chest pains but that it wasn't the same kind of chest pain that she had when she had her attack in October. She saw him on September 2, 1961, which was about two weeks after she signed her application for insurance. Dr. Hawkins had been treating her for ten or twelve years. In 1950 he treated her for some circulatory problem which she testified was not serious. He prescribed some medicine for the circulatory ailment but she couldn't take it. She has had chest pains since 1950. When she was in the hospital from October 15, to October 18, 1961, Dr. Willingham prescribed nitroglycerin tablets, Demerol and Darvon.

Mrs. Neves' husband testified that he was present in their home when the agent for the insurance company called on his wife. He corroborated her testimony in general and testified specifically that his wife showed Mr. Marshall Dr. Hawkins' letter of August 1, 1960, addressed to the Legal Security Life Insurance Company. Mr. Marshall stated in the presence of his wife and him and their son that "He didn't see any reason that she couldn't be insured."

The appellees' son, R. W. (Bud) Neves, testified that he was present and heard Mr. Marshall ask his mother about her prior illnesses and that his mother delivered to Mr. Marshall Dr. Hawkins' medical report and Marshall said "He said that that wouldn't have any bearing on the policy that she was applying for."

Mrs. Neves testified that she informed the insurance company's agent of her numerous past illnesses and periods of hospitalization. The insurance company objected to this because there were no pleadings to support it. The court overruled the objection. One of the purposes of a pleading is to advise the court of the facts relied upon by the parties to sustain or defeat the suit. 45 Tex.Jur.2d 365. Under the pleadings in this case, we have concluded that the court did not err in admitting such testimony. In Universal Life and Accident Insurance Company v. Barron, Tex.Civ.App., 269 S.W.2d 467, (Ref. N.R.E.), the court said: "When an issue of fraud is involved, all testimony having any reasonable bearing upon that issue is admissible and may be considered by the jury in reaching a verdict. Fraud may be proved directly or by circumstances."

The soliciting agent for the company had knowledge of Mrs. Neves' prior illnesses and this knowledge is imputed to his company. Article 21.02, Volume 14A, Insurance Code; Baylor Law Review, Volume XIV, Fall, 1962, Number 4, page 413.

We have considered all of the appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.