**BANKERS HEALTH AND LIFE INSURANCE COMPANY, Appellant,**

**v.**

**Hettie RYAN, Appellee.**

**No. 16792.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 20, 1967.

Rehearing Denied Feb. 17, 1967.

Kelly, Morris, Walker & Maynard, Creighton Maynard, Jr., Elvin E. Tackett, Fort Worth, for appellant.

Fulgham & Grogan, Frank E. Fulgham, Weatherford, for appellee.

OPINION

RENFRO, Justice.

On May 5, 1965, appellant Bankers Health and Life Insurance Company issued a life insurance policy on the life of J. C. Ryan, which named Hettie Ryan,

appellee, beneficiary. The insured died on January 17, 1966.

Timely proof of loss was made to appellant, who refused to pay the claim.

Appellee thereupon brought this suit.

Appellant pled that the insured had cancer prior to the effective date of the policy and died of cancer on January 17, 1966, and there was therefore misrepresentation of health or physical condition of said Ryan; that the answer to 11(b) of the application misrepresented that insured had never had cancer.

The trial court held that since appellant did not allege that insured was not in good health and did not allege that representations made were made willfully and with intent to defraud, the pleadings failed to present a defense to appellee's claim.

Appellant declined to amend after the court sustained appellee's special exceptions, whereupon the court held that appellant was not entitled to offer evidence on the alleged misrepresentations.

As we view the answer, appellant's defense was based on misrepresentation in the application.

The policy contained a provision that " * * * any misstatement of health or physical condition may be cause for voiding any claim arising therefrom during the contestable period of the policy * * *."

Contained in the application and incorporated in the policy was the following provision: "I understand and agree that the policy being applied for shall not be in force until received by me while I * * * (am) alive, and that any misstatement of health or physical condition may be cause for voiding any claim arising therefrom during the contestable period of the policy, but in the absence of fraud all statements made herein shall be deemed representations and not warranties."

■ It is a general rule in Texas that, in order to avoid a policy, false statements must have been made willfully and with design to deceive or defraud. Great Southern Life Ins. Co. v. Doyle, 136 Tex. 377, 151 S.W.2d 197 (Tex.Sup., 1941); American Central Life Ins. Co. v. Alexander, 56 S.W.2d 864 (Tex.Com.App., 1933).

In Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820 (1947), the Supreme Court stated: "We find no testimony in this record that conclusively shows that the insured knew that he had heart trouble at the time he signed the application for insurance, or that he made the false answers willfully and with the fraudulent intention of deceiving the insurance company and inducing it to issue the policy."

■ In the instant case there is neither pleading nor proof that the insured or beneficiary (who signed the application) knew he had cancer at the time the application was made or that false answers were made willfully and with fraudulent intent.

In the Clark case, supra, the Supreme Court held: "It is also well settled in this State that to avoid a policy of insurance because of misrepresentations, the burden is on the insurer to plead and prove, not only that the answers made by the insured were false or untrue, but that the insured knew, or should have known, that they were untrue, and that he made them willfully and with the intention of inducing the insurer to issue him a policy."

Other cases following the same rule are: General American Life Ins. Co. v. Martinez, 149 S.W.2d 637 (Tex.Civ.App., 1941, dism., judg. cor.); American Nat. Ins. Co. v. Green, 96 S.W.2d 727 (Tex.Civ.App., 1936, no writ hist.); Provident Life & Accident Ins. Co. of Chattanooga v. Flowers, 91 S.W.2d 847 (Tex.Civ.App., 1936, dism.); 46 C.J.S. Insurance § 1319, pp. 435–437; Krayer v. Prudential Ins. Co. of America, 360 S.W.2d 844 (Tex.Civ.App., 1962, reversed on other grounds, 366 S.W.2d 779);

Golden State Mutual Life Ins. Co. v. Pruitt, 357 S.W.2d 812 (Tex.Civ.App., 1962, no writ hist.); Pioneer American Ins. Co. v. Meeker, 300 S.W.2d 212 (Tex.Civ.App., 1957, ref., n. r. e.); Universal Life & Accident Insurance Co. v. Murphy, 368 S.W.2d 878 (Tex.Civ.App., 1963, no writ hist.).

In view of the manner in which this controversy, as disclosed by the record before us, was presented to the trial court, his ruling on the pleading was correct, and, under the above authorities, his judgment for appellee should be affirmed.

Affirmed.