**OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA, Appellant,**

v.

**BOB LeROY'S INC., Appellee.**

**No. 23124.**

United States Court of Appeals Fifth Circuit.

June 23, 1969.

Rehearing Denied July 17, 1969.

J. F. Hulse, El Paso, Tex., for appellant.

Jack L. Brewster, James F. Garner, El Paso, Tex., for appellee.

Before JONES and COLEMAN, Circuit Judges, and HEEBE, District Judge.

JONES, Circuit Judge:

This case presents the issue of whether or not a beneficiary may, under the terms of the particular insurance contract involved here and the law of Texas, recover proceeds on the death of the insured. The district court rendered judgment, pursuant to a jury verdict in favor of the beneficiary, for the face amount of the insurance coverage, in the sum of $50,000.

Appellant, the Occidental Life Insurance Company of California, solicited an application from Bob LeRoy's Inc., and Robert H. LeRoy, its president, for a policy of insurance on the life of LeRoy. The application was for a fifteen-year commercial term policy in the amount of $25,000, at standard rates, with an accidental indemnity rider for an additional $25,000. Prior to the submission of a written application, on July 3, 1963,

LeRoy made himself available for a medical examination to a physician employed by Occidental, who rendered his report to the Company. The application itself was signed by LeRoy and submitted to Occidental on July 5, 1963. On the same day, LeRoy presented his company's check to the agent for Occidental, in payment of the first premium, and received from the agent a "Conditional Receipt." LeRoy died in an accident seventeen days later. No formal policy was issued by Occidental. The pertinent terms of the receipt were as follows:

"If the Company at its Home Office is satisfied that at the time of completing both Part I and Part II of the application the Proposed Insured was insurable under the Company's rules for a policy on the plan, in the amount, at the class of risk and otherwise exactly as applied for in Part I of the application with the same number of this receipt; then, but only after such conditions are met, the insurance will be effective, from the date of Part I, the date of Part II, or the date specifically requested in the application, whichever is latest, regardless of death or change of insurability of the Proposed Insured occurring after completion of both parts of the application."

Occidental made the determination that LeRoy was not "insurable under the Company's rules" and declined to make payment. The insured, Bob LeRoy's Inc., brought suit to recover and the primary issue was whether Occidental had made a good faith determination of the uninsurability of LeRoy. At the conclusion of the trial the district court gave instructions as to the applicable law and submitted the case to the jury on special interrogatories. It is not contended that the governing principles of law as contained in the court's charge were erroneous.

Before the court was evidence that LeRoy had some time previously been treated for a heart condition and there was evidence that the condition was not regarded by him as serious and that there was a reasonable basis for his views with respect to his condition. Occidental undertook to show that its standards of insurability were not met by LeRoy and that it would not in view of his medical history have issued the policy on his life for which application had been made.

The jury found in its responses to the interrogatories that LeRoy had given false answers to the questions in his application with respect to his health and previous medical history and that such answers were material to the risk but that LeRoy did not know of the falsity of the representations and that such answers were not falsely made with intent to deceive. The jury found that Occidental did not act in good faith and upon a reasonable basis in determining that LeRoy was an uninsurable risk for the insurance sought by the application.

The court entered its judgment for the insured, Bob LeRoy's Inc., from which Occidental has appealed. The only contention urged by Occidental on appeal is that the evidence required a judgment for it and did not permit a judgment for the appellee.

Federal jurisdiction is based upon diversity of citizenship. The contract is a Texas contract and the case was submitted to and decided by a Federal district court in Texas. It is to the Texas law that we look for a guide to decision.

By the quoted provisions of its conditional receipt, Occidental accepted the premium payment in return for insurance effective upon the issuance of the receipt. Occidental reserved the right to make such investigation it deemed proper into the applicant's past medical history and physical condition to the date of the application and the conditional binder was granted on the express condition that "the Company at its Home Office is satisfied that at the time [of the application] the Proposed Insured was insurable under the Company's rules for a policy * * * as applied for." All that Occidental agreed to waive was an investigation into the applicant's con-

dition subsequent to the date of the binder agreement.

■ The binder provided for coverage only if Occidental was satisfied that the applicant was "insurable under the Company's rules." The agreement thus makes Occidental's satisfaction, not insurability per se, the condition of coverage. Obviously, a limitation must be imposed on such a condition if mutuality of obligation consistent with the intent of the parties is to be preserved. The determination cannot be an arbitrary one and must be made in good faith. See 1A Corbin on Contracts, Sec. 165, pp. 86–87. Such an interpretation has been imposed as a matter of law on binders of this type by the Texas Supreme Court. United Founders Life Insurance Company v. Carey, Tex., 363 S. W.2d 236. The district court in this case was bound by this rule of Texas law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

The issue as to whether Occidental acted in bad faith in determining that LeRoy was uninsurable in accordance with its rules was properly submitted to the jury.

■ The issue as to whether an act was done in good faith or in bad faith is primarily a question of fact. It involves the question of intent and may require a determination of a state of mind. Motive may be highly important. Circumstantial, as well as direct, evidence is to be considered. Inferences may, of course, be drawn by the finder of factual issues and credibility questions may be of great importance. The judicial fact determination must, of course, find support in the record. In this case there is substantial evidence of insurability. Occidental's contrary finding was made subsequent to the death of the applicant on the basis of an investigation shown to have been beyond the usual scope of the Company's practice. The jury had the opportunity to weigh the credibility of Occidental's officers and to consider the testimony as related to all the aspects of the case. The issue of good or bad faith was properly raised

for the jury's consideration. To take the issue out of the jury's province in this case would be to make proof of bad faith in these situations a practical impossibility. Even if there were no positive direct evidence of bad faith, certain inferences from the totality of the evidence are possible. The jury is permitted, even if nothing else supports their conclusion, to make negative inferences from the testimony and attitude of defense witnesses. A jury has broad powers to draw inferences from evidence, even when it is undisputed. Chicago, St. P., M. & O. Ry. Co. v. Washington, 8th Cir. 1950, 179 F.2d 548; Anchor Cas. Co. v. Bowers, Tex., 393 S.W.2d 168. This is the more necessary where inferences of good or bad faith must be made, which often depend so little on direct evidence and so much on inferences drawn from circumstances.

Occidental urges that the district court committed error in submitting to the jury the question as to the insurability of LeRoy. If he was not in fact insurable, and Occidental had determined that he was not insurable, it would seem difficult to assume that a finding would be made or sustained that a determination of uninsurability had not been made in good faith. But if the applicant was not insurable under the rules of the Company and it had been so found by the Company, whether or not such finding be made in good faith, recovery upon the policy would not, it seems, be permitted under the Texas law. See National Life and Accident Ins. Co. v. Blagg, Tex., 438 S.W.2d 905; United Founders Life Insurance Company v. Carey, Tex., 363 S.W.2d 236.

Occidental contends that the appellee had, but failed to sustain, the burden of proof with respect to the rules and standards of Occidental as to insurability. The record discloses that the evidence relating to this phase of the case was fully developed and that the jury was properly and adequately instructed with respect thereto.

■ Finally, appellant contends that the evidence introduced at trial forces

the conclusion that certain answers given by the deceased to Occidental's examining physician falsified his prior medical history, that such answers were misrepresentations material to the risk, and that they were known by LeRoy to be false and were made with the intent to deceive Occidental. Proof of all of these elements constitutes a valid defense to recovery of insurance proceeds under Texas law. Clark v. National Life & Accident Ins. Co., 1947, 145 Tex. 575, 200 S.W.2d 820; Manhattan Life Ins. Co. v. Harkrider, Tex.Civ.App.1965, 396 S.W. 2d 207, Ref. n.r.e. Tex., 402 S.W.2d 511; General American Life Ins. Co. v. Martinez, Tex.Civ.App.1941, 149 S.W.2d 637; 14A Vernon's Tex.Civ.Stat., Art. 21.16. This Court has previously so interpreted the law of Texas. Roosth v. Lincoln Nat. Life Ins. Co., 5th Cir. 1959, 269 F. 2d 171, 178, cert. den. 361 U.S. 917, 80 S.Ct. 262, 4 L.Ed.2d 186. See, generally, 32 Tex.Jur.2d, Insurance Sec. 221, et seq. The trial court, properly we think, reserved these issues for the jury, and properly instructed the jury thereon.

The jury made findings adverse to Occidental's contentions which were properly included in the court's determination and judgment. The fact that the appellee's answers were false does not compel a finding that, at the time they were made, he knew of the falsity or made the answers with any intent to deceive the Company. Under Texas law, it is settled that for false statements to avoid an insurance policy they must have been made willingly and with an intent to deceive. Great Southern Life Ins. Co. v. Doyle, 136 Tex. 377, 151 S. W.2d 197; Bankers Health and Life Ins. Co. v. Ryan, Tex.Civ.App., 411 S.W.2d 373; Manhattan Life Ins. Co. v. Harkrider, supra.

Questions of fact were presented to the jury which it resolved in favor of the appellee. It does not appear that the findings were clearly erroneous.

The judgment of the district court is Affirmed.