REPUBLIC BANKERS LIFE INSURANCE COMPANY, Appellant,

v.

Cheryl COFFEY, Appellee.

No. 8290.

Court of Civil Appeals of Texas, Amarillo.

Jan. 22, 1973.

Rehearing Denied Feb. 12, 1973.

**232**

Beard & Kultgen, Thomas L. Cook, Waco, for appellant.

Kirby Ratliff & Sansom, Ted. L. Sansom, Littlefield, for appellee.

JOY, Justice.

This suit was brought for benefits on a hospitalization, surgical and medical policy issued by the defendant Republic Bankers Life Insurance Company to plaintiff Cheryl Coffey. From judgment for plaintiff upon a jury verdict the defendant has perfected this appeal. Affirmed.

A soliciting agent for Republic Bankers Life Insurance Company, hereinafter referred to as Republic, called upon Mr. and Mrs. Perry Coffey, the father-in-law and mother-in-law of Cheryl Coffey, for the purpose of selling them a policy of insurance. Mr. and Mrs. Perry Coffey purchased a policy for themselves and also made application for the policy here involved to cover their daughter-in-law, Cheryl Coffey, and her two minor children by a prior marriage, one of whom was Leslie Yarbrough. A policy was issued upon which a claim was later filed on behalf of Leslie Yarbrough, with Republic rejecting the claim on the basis of a false answer given to a question in the application. Republic contended that the application failed to disclose that Leslie Yarbrough had a pre-existing condition of asthma. Leslie was hospitalized for "pneumonitis" for which the claim was made, with Republic contending that the illness "involved asthma."

■ Republic's first two points of error are no evidence and preponderance of the evidence complaints regarding the jury's answer to Special Issue No. 1. The question on the application asked whether any of the insureds had a history of tuberculosis, asthma, diseases of the lungs or respiratory system. Mr. and Mrs. Perry Coffey both testified that the agent for Republic filled out the application form, with Mr. Coffey then signing without reading same. The Coffeys also testified that Mrs. Perry Coffey told the agent that both minors had allergies and that Leslie had asthma. The agent noted the allergies on the application form for both Leslie and the other minor insured but noted the answer "no" to the question asking whether the insureds had asthma, etc. Viewing only evidence favorable to the answer, there is evidence to support the jury's answer to Special Issue No. 1 and, viewing all the evidence, it is not against the great weight and preponderance of the evidence. Republic's agent did not appear and testify, the only evidence introduced being that of Mr. and Mrs. Perry Coffey who testified that Republic's agent filled in the answer "no"; therefore, the jury could have been led to believe that the answer was not that of Mr. Coffey but of Republic's agent. Golden State Mutual Life Insurance Company v. Pruitt, 357 S.W.2d 812 (Tex.Civ.App.—Waco 1962, no writ).

■ Republic's next two points assert as error the action of the trial court in refusing Republic's motions for instructed verdict and judgment non obstante veredicto on the grounds that the applicant for the insurance, Perry Coffey, knew that the insured Leslie Yarbrough had asthma and that the evidence conclusively established that Perry Coffey had answered that the insured did not have asthma. We overrule these contentions partly upon the evidence set out hereinabove. The only testimony in the record in reference to the knowledge of Republic's agent came, as stated before, from the two witnesses of the appellee-insured, Mr. and Mrs. Perry Coffey. As stated in National Life Assurance Company of Texas v. Neves, 370 S.W.2d 144, 146

(Tex.Civ.App.—Eastland 1963, writ ref'd n. r. e.):

"The soliciting agent for the company had knowledge of Mrs. Neves' prior illnesses and this knowledge is imputed to his company. Article 21.02, Volume 14A, Insurance Code; Baylor Law Review, Volume XIV, Fall, 1962, Number 4, page 413."

See also Golden State Mutual Life Insurance Company v. Pruitt, supra, 357 S.W.2d p. 813, wherein that court states:

". . . It was defendant's burden to secure findings that the insured did in fact make the representations complained of. Defendant failed to discharge this burden."

Further, the application having reflected that both minor insureds had allergies, Republic could have easily secured information of the asthmatic condition of Leslie prior to the issuance of the policy had it considered the allergies of any consequence; instead, Republic issued endorsements on the policy excluding payments of the loss resulting from "allergic reactions" only without inquiry to treating doctors listed in the application. Dr. Stafford testified upon the trial that asthma is an allergy of the respiratory tract.

■ At any rate, the burden was upon Republic to secure findings that (1) the answer was false, (2) was made to induce Republic to issue the policy, (3) was material to the risk, and (4) was relied upon by Republic in issuing the policy. See Praetorian Mutual Life Insurance Company v. Sherman, 455 S.W.2d 201 (Tex.Sup.1970). Those issues, or very similar issues, were submitted to the jury conditioned upon a "yes" answer to special issue No. 1(a). The jury having answered special issue 1(a) "no" did not answer the other conditionally submitted issues. No objection was made by Republic to the form of submission; therefore, any objection was waived. Rule 272, Texas Rules of Civil Procedure.

■ Republic next complains of the admission into evidence the testimony of Mr. and Mrs. Coffey regarding their statements to the agent at the time of the making of the application for the policy contending the violation of the parol evidence rule. Republic, having raised the issue of fraud through the alleged misrepresentations of the applicant cannot now be heard to complain. If parol evidence was not admissible, then Republic would have no defense whatsoever. See 23 Tex.Jur.2d Evidence § 363.

■ Next, Republic contends by two assignments of error that there was no evidence to sustain the jury's answer of attorney fees of $250 in the event of an appeal to this Court and $200 if the case is taken to the Supreme Court of Texas. We do not agree. Appellee called a licensed attorney to testify and his testimony was that the "customary and usual and reasonable" fee for the trial was between $350 and $400. He further testified on direct examination that he was familiar with the "usual and customary" fees charged for preparation of a brief and a trip to Amarillo for argument of the case and that such amount was $250. He also testified when questioned on "fair and reasonable" attorney fees for presentment of a case to the Supreme Court of the State of Texas excluding a trip to Austin to argue the case, the charge was $200. The jury found the attorney fees to be $350 for trial work, $250 in this Court, and $200 for appeal to the Supreme Court.

■ Republic contends that there was no evidence to sustain the jury's finding that the hospitalization of Leslie did not involve asthma. The policy provided in Part XII thereof for certain exceptions and limitations. A loss caused by or resulting from a sickness or disorder *involving* asthma, if the cause thereof originated within 90 days of the policy date, was not covered. The jury answered upon submission of an issue that the sickness or disorder for which Leslie was hospitalized did not involve asth-

ma. The treating doctor testified that Leslie was hospitalized with pneumonitis that developed the day before admission to the hospital and that the asthma "didn't have anything to do with the infectious part." Finding no reversible error, we affirm the judgment of the trial court.

Affirmed.