### Cynthia Kay BUNDICK

v.

### The NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY.

#### No. MO–78–CA–44.

United States District Court,
W. D. Texas,
Midland-Odessa Division.

May 12, 1980.

James McDonald, Crane, Tex., Bill Alexander, Odessa, Tex., for plaintiff.

Gloria Svanas, Odessa, Tex., for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

SUTTLE, Senior District Judge.

Pending is the Defendant's motion for a new trial. For the following reasons, the motion will be denied.

■ In order to prevail on a defense of material misrepresentation, an insurer must establish by a preponderance of the evidence that the false representation was made willfully and with the intent to deceive or defraud the insurer *or was* made willfully and with the intention of inducing the insurer to issue the policy. *See Southern Farm Bur. Life Ins. Co. v. Reed*, 563 S.W.2d 634, 636 (Tex.Civ.App.—Eastland 1978, writ ref'd n. r. e.). *See also Occidental Life Ins. Co. of Cal. v. Bob LeRoy's Inc.*, 413 F.2d 819, 823 (5th Cir.), *cert. denied*, 396 U.S. 939, 90 S.Ct. 373, 24 L.Ed.2d 241 (1969). The Defendant's assertion that the law is otherwise is without merit.

■ In the course of its charge to the jury, the court gave the following instruction:

A misrepresentation in an application for insurance is not material to the risk simply because, had the true facts been known, the insurer would have charged a higher premium for the policy issued.

Despite the Defendant's protests, this instruction does comport with Texas law. *See Harrington v. Aetna Casualty and Surety Company*, 489 S.W.2d 171, 177–78 (Tex.Civ.App.—Waco 1973, writ ref'd n. r. e.).

■ The court also instructed the jury as follows:

Even a material misrepresentation does not defeat recovery if it is innocently made, in good faith.

This instruction also comports with Texas law. *See General American Life Ins. Co. v. Martinez*, 149 S.W.2d 637, 639 (Tex.Civ.App. —El Paso 1941, writ dism'd judgm. cor.); *Manhattan Life Insurance Company v. Hark-*

*rider*, 396 S.W.2d 207, 215 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.); *Roosth v. Lincoln National Life Insurance Company*, 269 F.2d 171, 179 (5th Cir.), *cert. denied*, 361 U.S. 917, 80 S.Ct. 262, 4 L.Ed.2d 186 (1959), *on subsequent appeal*, 306 F.2d 110 (5th Cir. 1962), *cert. denied*, 372 U.S. 912, 83 S.Ct. 726, 9 L.Ed.2d 720 (1963).

The awarding of 6% prejudgment interest on the $30,000 policy limits is in accordance with Texas law. The Plaintiff is entitled to such interest from the date the Defendant denied liability. *See Duffer v. American Home Assurance Company*, 512 F.2d 793, 799–801 (5th Cir. 1975). *See also Rogers v. Aetna Casualty and Surety Co.*, 601 F.2d 840, 845–46 (5th Cir. 1979).*

Accordingly, the Defendant's motion for a new trial is denied.

---

* The Plaintiff is not entitled to any pre-judgment interest on the $3,600 penalty or the $10,000 attorney's fees; nor is the Plaintiff entitled to post-judgment interest on the $10,000 attorney's fees. *Duffer v. American Home Assurance Company, supra*, 512 F.2d at 800. *Contra: Freeman v. Crown Life Ins. Co.*, 580 S.W.2d 897, 902 (Tex.Civ.App.—Texarkana 1979, writ ref'd n. r. e.) and cases cited in *Duffer v. American Home Assurance Company, supra*, 512 F.2d at 800. If the Defendant desires to alter the judgment as to the date the prejudgment interest on the $30,000 policy limits starts running or as to post-judgment interest, it may make an appropriate motion. However, it may be too late for the court to entertain such a motion. *See* Rule 59(e), F.R.Civ.P.