**In re TERRA NOVA INSURANCE COMPANY and UnionAmerica Insurance Company.**

No. 06–99–00014–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 27, 1999.

Decided May 26, 1999.

R. Douglas Noah, Jr., Christopher C. White, Wilson, Elser, Moskowitz, et al., Dallas, for Relator.

Edwin E. Buckner, Jr., Law Offices Of Edwin E. Buckner, Jr., Marshall, for Real Parties in Interest.

Jim Ammerman II, County Judge of Harrison County, Marshall, for Respondent.

Jack Norwood, Attorney at Law, Tyler, for Intervenor.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Gordon Williams owned a truck that was damaged in a wreck. The truck was covered by an insurance policy issued by Terra Nova Insurance Company and Unionamerica Insurance Company. Williams sued the insurers to recover the damages to the truck under the insurance policy. He also sued the insurers to recover damages for breach of the duty of good faith and fair dealing and for violations of Section 21.21 of the Texas Insurance Code.[1]

The insurance policy contains a provision for appraisal to determine the monetary damage to the insured property. The insurance companies moved the trial court to abate Williams' causes of action and enforce the appraisal provision before the suit proceeded further. The trial court refused to order appraisal at this time.

---

1. Tex. Ins.Code Ann. § 21.21 (Vernon 1981 & Supp.1999).

The insurers petitioned for a writ of mandamus ordering the trial court to immediately enforce the appraisal provision.

We ordered the trial court to make findings of fact and conclusions of law setting out the bases of its decision overruling the motion to abate and order immediate appraisal. The trial court has now made these findings and conclusions and forwarded them for our review.

The trial court found and concluded that because the underlying action combines actions for breach of contract, to which the appraisal provision is applicable, with other extracontractual actions to which the appraisal provision is not applicable, it would militate against judicial efficiency to abate the actions and order appraisal at this time. There has been no motion to sever the contract claim from the extracontractual actions, and discovery is now being conducted on all the causes of action.

Unionamerica has an absolute right to invoke the appraisal provision, but the trial court in these circumstances has the discretion to decide when the appraisal should take place. In the circumstances here, we cannot say that the trial court abused its discretion in this regard.

For the reasons stated, the petition for writ of mandamus is denied.