NO. 07-04-0271-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 29, 2004

_____

IN RE CALIBER ONE INDEMNITY COMPANY, RELATOR

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION ON PETITION FOR WRIT OF MANDAMUS**

By this original proceeding, relator Caliber One Indemnity Company seeks a writ of mandamus requesting that we order the Honorable John T. Forbis, presiding judge by assignment to the 237th District Court, to vacate his order of October 3, 2003, denying its motion to invoke appraisal and abate the underlying proceeding in cause number 2002-518,695. Presenting two issues, Caliber One contends (1) the trial court abused its discretion in denying its motion to invoke appraisal, and (2) it has no adequate remedy by appeal for the improper denial of contractual appraisal. We deny the petition for writ of mandamus.

Real party in interest McDougal Properties, Ltd. filed the underlying proceeding against Caliber One, a foreign insurance carrier and Acordia West Texas Agency, Inc., a Texas corporation, alleging causes of action based on (1) violations of section 4, article 21.21 of the Texas Insurance Code or as itemized in section 17.46(b) of the Texas Deceptive Trade Practices-Consumer Protection Act and (2) fraud. McDougal also seeks exemplary damages from both Caliber One and Acordia.[1] However, by its pleadings, McDougal does not allege a breach of contract claim. While the underlying proceeding was pending removal to the United States District Court, Northern District of Texas, Lubbock Division, following unsuccessful mediation upon McDougal's motion, the underlying cause was remanded to the 237th District Court.

Upon remand, Caliber One filed its motion to invoke appraisal and abatement of the proceeding. Although McDougal did not allege a cause of action based on the insurance policy or contract, Caliber One sought to invoke the appraisal provision of the insurance policy as follows:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>     A. Pay its chosen appraiser; and

---

[1]Acordia is not a party to this original proceeding.

B.  Bear the other expenses of the appraisal and umpire equally.[2]

By its written response to Caliber One's motion, among other things, McDougal contended that appraisal under the policy was not implicated because its suit was not based on the insurance contract or policy and it was not suing for breach of the policy, but instead was based on chapter 21 of the Texas Insurance Code, the Deceptive Trade Practices Act, and fraud arising from the misrepresentations of Caliber One and Acordia in marketing the policy and in dealing with the claim.

Standard of Review

A writ of mandamus will only issue to correct a clear abuse of discretion or violation of a duty imposed by law when there is no adequate remedy by appeal, and the relator has the burden to present the appellate court with a record sufficient to establish the right to mandamus.   Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex. 1992) (orig. proceeding). With respect to factual matters committed to the trial court's discretion, the appellate court may not substitute its judgment for that of the trial court.  *Id.*  However, a review of a trial court's determination of controlling legal principles is entitled to much less deference.  *Id.* at 840.  In our analysis, we "must focus on the record that was before the court and

---

[2]This provision is substantially different to the provision for appraisal contained in the Texas Standard Homeowners Policy presented in Vanguard Underwriters Ins. Co. v. Smith, 999 S.W.2d 448, 450 (Tex.App.--Amarillo 1999, no pet.).  The provision for appraisal contained in a personal automobile policy promulgated by the Texas Department of Insurance is not set out in In re Allstate County Mut. Ins. Co., 85 S.W.3d 193 (Tex. 2002).

whether the decision was not only arbitrary but also amounted to a clear and prejudicial error of law." Bristol-Myers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1992).

## Abatement

Although by its issues Caliber One does not expressly address abatement which relator sought in the trial court, because it seeks an order directing the trial court to grant its motion, we first address that issue. Regarding abatement, it has been held that the failure of a trial court to grant a motion to abate is not subject to mandamus. In Re Allstate County Mut. Ins. Co., 85 S.W.3d 193, 196 (Tex. 2002). Accordingly, we hold the trial court did not abuse its discretion in denying the request for abatement.

## Appraisal

By its first issue, Caliber One contends the trial court abused its discretion in denying its motion to invoke the appraisal provision of the insurance policy, and by its second issue contends it has no adequate remedy by appeal for the improper denial of contractual appraisal. We disagree.

By its finding of fact number four, the trial court found that McDougal does not allege or seek recovery for breach of contract but that all of its claims are extra-contractual. Because the complete record was before the trial court, we are bound by its factual determination. *See Walker*, 827 S.W.2d at 837-39.

In addition to findings of fact, three of the trial court's 21 conclusions of law address the appraisal provisions in the policy.

> No. 5.  An appraisal is inappropriate to resolve extra-contractual claims in the absence of a contractual claim.  Thus, an appraisal is inappropriate to resolve the plaintiff's claims.
>
> No. 6.  An appraisal may only be used to resolve disputes under the contract that relate to value determinations.
>
> No. 17.  An appraisal is inappropriate to resolve extra-contractual claims in the absence of a contractual claim.  Thus, an appraisal is inappropriate to resolve the plaintiff's claims.

Citing Vanguard Underwriters Ins. Co. v. Smith, 999 S.W.2d 448 (Tex.App.--Amarillo 1999, no pet.), Caliber One argues the trial court abused its discretion in denying its motion to invoke the appraisal provision of the contract.  However, *Vanguard* is not controlling because there, real parties sought to recover on multiple grounds, including damages under the policy in addition to their claims under the Deceptive Trade Practices Act and exemplary damages.  Here, however, McDougal does not seek to recover under the policy or contract.  Also, the insured in *Vanguard* did not join the insurance agent alleging fraud or violations of the Deceptive Trade Practices Act.

Caliber One also cites In re Terra Nova Insurance Co., 992 S.W.2d 741 (Tex.App.--Texarkana 1999, no pet.).  However, *Terra Nova* does not hold that a provision for appraisal is applicable in the absence of a suit or claim based on the policy or contract of insurance.  The trial court concluded that the provision for appraisal was appropriate

because the suit asserted contract claims under the policy and extra-contractual claims. *Id*. Although the court held that the carrier had the right to invoke the provision for appraisal on the policy claims, mandamus was denied because the trial court had discretion to decide when the appraisal should take place. *Id*. However, the court did recognize that the provision for appraisal was not applicable to the extra-contractual claims. *Id.*

Caliber One's reliance on *Allstate*, 85 S.W.2d at 193, is also misplaced. In *Allstate*, the question presented was whether a provision in an automobile policy of insurance was unenforceable as an agreement to arbitrate. In conducting its analysis to determine that the enforcement of the appraisal provision was not contrary to public policy, the Court reasoned:

- as to plaintiffs' breach of contract claim, the parties have agreed in the contract's appraisal clause to the method by which to determine whether a breach has occurred;
- the appraisals go to the heart of the plaintiffs' breach of contract claim; and
- a refusal to enforce the appraisal process will prevent the defendants from obtaining the independent valuations that could counter at least the plaintiffs' breach of contract claims.

*Id.* at 196. Here, however, the public policy question regarding appraisal provisions in an insurance policy is not presented. Indeed, McDougal has not made any claims under the policy. Because the Court in *Allstate* based its holding that the provision for appraisal was not an agreement to arbitrate on contract principles only and did not address the non-

6

contractual claims, *Allstate* is not controlling because McDougal does not seek to recover on the policy.

We have not overlooked Caliber One's argument presented in its petition that McDougal's claims under article 21.21 and under the Deceptive Trade Practices Act are inextricably intertwined with a determination that Caliber One failed to pay the value of the claim. The purposes of pleadings are:

- define the issues to be tried; Murray v. O & A Express, Inc., 630 S.W.2d 633, 636 (Tex. 1982);

- advise the court of the facts that are relied on to sustain or defend the suit; National Life Assurance Company of Texas v. Neves, 370 S.W.2d 144, 146 (Tex.Civ.App.--Eastland 1963, writ ref'd n.r.e.); and

- record for the benefit of all who may subsequently be concerned the matters actually in issue and determined by the judgment. Glenn v. Dallas County Bois D'Arc Island Levee Dist., 114 Tex. 325, 268 S.W. 452, 453 (1925).

As is common in original proceedings, the record presented here is not as complete as the record before the trial court. However, the record here does not show that Caliber One's contention that McDougal's claim is inextricably intertwined with a determination that Caliber One failed to pay the value of the claim was presented to the trial court by pleading or the motion. Moreover, Caliber One does not contend that it placed the policy or contract in issue by pleading, whether counterclaim, declaratory judgment, or otherwise. Focusing on the record that was before the trial court and whether the decision was not only arbitrary

7

but also amounted to a "clear and prejudicial error of law," we cannot conclude from the record that the trial court abused its discretion.

Accordingly, the petition for writ of mandamus is denied.

Don H. Reavis
Justice

Johnson, C.J., concurring.

NO. 07-04-0271-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 29, 2004

_____

IN RE CALIBER ONE INDEMNITY COMPANY, RELATOR

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**CONCURRING OPINION**

8

As the majority notes, the record in this case differs from that before us in <u>Vanguard</u>. Here, McDougal's Original Petition is before us, Caliber One's Answer is not, and no contractual claim is being made against Caliber One. Moreover, Caliber One does not claim that its contract with McDougal contains a provision which precludes this type of suit from proceeding until after the appraisal provision is complied with.

To the extent that the majority opinion can be read to say that Caliber One does not have a contractual right to appraisal, or that its contractual appraisal right is inapplicable so long as McDougal does not make a contractual claim, I would not go so far in this mandamus proceeding. I agree that, given the timing of the motion, the status of the lawsuit's progress, and the circumstances presented to the trial court as demonstrated by this mandamus record, the trial court did not abuse its discretion in denying Caliber One's motion seeking to invoke the appraisal provision. <u>See</u> <u>Terra Nova</u>, 992 S.W.2d at 742.


Phil Johnson
Chief Justice